Kelly *v.* Kass, Appellant.

Argued December 6, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*Raymond A. White, Jr.,* with him *Robert C. Fable, Jr.,* for appellant.

*Max C. Baylinson,* with him *Robert J. Lindsay, Jr.,* for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

Raymond A. White, Jr., Esq., appeals from an order of the court discharging his rule for leave to withdraw as counsel for defendant. After an action of trespass had been brought against him, Kass notified New Amsterdam Casualty Company, his insurance carrier, which caused Mr. White, its counsel, to enter his appearance. The appearance was filed August 13, 1942. On September 1, 1942, the company notified Kass that his policy did not provide coverage and requested him to have his own attorney enter an appearance and take over the defense. His refusal to do so gave rise to the present proceeding.

Although not entirely clear, the court seems to have been afraid that, if the attorney's withdrawal at the direction of the company were permitted, Kass' position with regard to the question of coverage would be prejudiced. Under our decisions, a company is bound to act promptly to protect itself; if it does not, its continued participation in the defense operates as a waiver of its right to subsequently raise the question of coverage. *Malley v. Amer. Ind. Co.,* 297 Pa. 216, 146 A. 571; *Lewis v. Fid. & Cas. Co.,* 304 Pa. 503, 509, 156 A. 73. Nor does a written notice without withdrawal prevent the waiver. *Miller v. Union Ind. Co.,* 209 App. Div. 455, 204 N. Y. S. 730. The court's order, which was made "without prejudice," would undoubtedly prevent the continued participation in the case by the attorney

from operating as a waiver. If this were not true, the order would have amounted to an injunction, addressed to the company, against the breach of its contract without hearing any evidence on the question of coverage. But an order the other way, permitting the withdrawal, could just as easily have been made "without prejudice." We think that is the order which should have been entered.

The order, in effect, was a mandate that the attorney defend a client whom he did not and does not desire to represent, who did not select him and with whom, as an attorney, he has no contract for services. We think it puts him in an embarrassing situation. His real principal has terminated his services and directed his withdrawal. The question of coverage will not be ripe for determination until after the trial of the trespass action, although that trial may establish certain controlling facts. If the order were complied with and the coverage question is ultimately decided against the company, the attorney would probably be entitled to be paid by it. If it is decided the other way, he would probably be entitled to be paid by Kass. But the trouble is that, by the order, he is forced, against his will, to defend a case in which he has no contract for services with any client and in which the identity of his principal cannot be determined until long after his services have been rendered. And if the order is permitted to stand, the involuntary and enforced confidential relationship with Kass, as his attorney in the trespass action, might very well prevent him from representing the company, his real client, in the contest between Kass and the company which may follow.

The imposition on an attorney of such responsibilities may conceivably, under some circumstances, be justified. In the present case, we think it is not. Kass is in a position to adequately protect himself. If, after having defended the case at his own expense, he is able

to show that the withdrawal of the company was a breach of the insurance contract, he is entitled to recover from it all his losses, including counsel fees and costs. *Conroy v. Com. Cas. Ins. Co.*, 292 Pa. 219, 223, 228, 140 A. 905.

The order is reversed and the following order substituted: And now this 27th day of January, 1944, the rule is made absolute, without prejudice to the rights or liabilities of any parties, the costs of this appeal to abide the determination of the issue or issues on the merits.