## Oster, Appellant, *v.* Coca Cola Bottling Company of Philadelphia, Inc.

Argued October 5, 1949. Before RHODES, P. J.; DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

*Reuben Singer,* for appellant.

*Harold Scott Baile,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellee.

PER CURIAM, November 15, 1949:

This is a trespass action in which plaintiff has appealed from the order of the court below granting a new trial on defendant's motion. This was the second trial of the case, and the jury returned a verdict in favor of plaintiff in the amount of $1,500. When the case was first tried the jury found for the plaintiff in the sum of $700, and on motion for new trial by defendant the plaintiff acquiesced and a new trial was granted.

In granting a new trial the court below said that it was "not satisfied with the result in this case"; that plaintiff's testimony was contradicted by disinterested witnesses and by documentary evidence; that plaintiff's testimony was contradictory to the testimony given at the first trial, which contradiction remained unexplained to the court's satisfaction; and that the discrepancies apparent in the testimony of plaintiff himself made it advisable to send the case to trial again. We are of the opinion that the statements of the court below are, in effect, that a retrial of the case was deemed necessary to do substantial justice, as it considered the verdict against the weight of the evidence.

"The granting of a new trial is an inherent power and immemorial right of the trial court and an appellate court will not find fault with the exercise of such authority in the absence of a clear abuse of discretion: . . . One of the least assailable grounds for the exercise of such power is the trial court's conclusion that the verdict was against the weight of the evidence and that

the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere . . .": *Frank v. W. S. Losier & Co., Inc.*, 361 Pa. 272, at page 276, 64 A. 2d 829, at page 831.

We find no abuse of discretion, and under the circumstances we will not interfere with the action of the trial court. See *Phillips v. American Stores Co.*, 342 Pa. 33, 36, 20 A. 2d 190; *Reese v. Pittsburgh Railways Co.*, 336 Pa. 299, 9 A. 2d 394.

Order is affirmed.