Thomas, Appellant, *v.* DeSabato.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph T. Maioriello,* for appellants.

*Morton B. Weinstein,* for appellees.

PER CURIAM, May 17, 1951:

Plaintiffs have appealed from an order of the court below granting a new trial after a verdict in their favor. We will not reverse such an order unless there is a clear error of law or a palpable abuse of discretion. *Martin v. Arnold,* 366 Pa. 128, 131, 77 A. 2d 99;

*Frank v. Bayuk,* 322 Pa. 282, 185 A. 705; *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333.

The action arose out of a collision between an automobile, driven by plaintiff Stephen Massaro, and a truck owned by defendant Amedeo De Sabato and driven by his minor son and servant, the other defendant, Sylvio De Sabato. Edward Thomas, the other plaintiff, was a passenger in the Massaro automobile at the time of the accident. The accident occurred on September 25, 1948, at Twenty-first and Christian Streets, in the City of Philadelphia.

The case was called for trial in the court below on September 12, 1950, after three continuances. Defendants not being present, counsel for their insurance carrier who had entered an appearance in their behalf asked that the case be again continued. The plaintiffs opposed such continuance, and, when the court refused a further postponement of the trial, counsel for the insurance carrier was granted permission, as the court below stated, to withdraw from the case as defendants' counsel, on the authority of *Kelly v. Kass,* 154 Pa. Superior Ct. 267, 35 A. 2d 531, "without prejudice to the rights or liabilities of any of the parties of interest." Defendants were not notified of the withdrawal of their counsel, and in their absence the case proceeded to trial ex parte and a verdict for the plaintiffs was returned by the jury. During the trial the plaintiff Massaro in his testimony indicated that the defendant Sylvio De Sabato was a minor eighteen years of age. The minor defendant was not represented by a guardian at the trial. See *Hamilton v. Moore,* 335 Pa. 433, 436, 6 A. 2d 787 (June 19, 1939). After verdict the court below, in accordance with Rule 2034 (d) of the Rules of Civil Procedure, Appendix 12 PS (effective September 4, 1939), appointed the codefendant as the

minor's guardian, and assigned as a reason for granting to the minor a new trial this lack of representation by a guardian.

The withdrawal of trial counsel without notice to defendants and without affording them an apportunity to secure other representation at a crucial stage in the proceeding was also a reason upon which the court below acted in granting a new trial to both defendants. In *Spector v. Greenstein,* 85 Pa. Superior Ct. 177, at page 179, we said: "He may have had the right to withdraw because his retainer had not been paid but his withdrawal should not have been allowed in the absence of the client and without notice to him and without his having the opportunity of being heard in the matter. A lawyer may not abandon a cause at a critical stage and leave his client helpless in an emergency, 6 C. J. 673. A withdrawal should be by leave of court and client should have notice, ibid. The court in its opinion refusing a new trial bases its conclusion upon the fact that plaintiff was entitled to proceed to trial and that there was no reason why the defendant should not have been in the court room. Defendant's attorney being an officer of the court, the trial judge, by withholding his consent to the withdrawal, could have controlled the situation so that no injustice would have been done to the defendant. The latter's absence from the court room should not be made the basis of action on the part of the court such as we find here. We think the proper administration of justice requires that a new trial should be granted."

In addition, the court below stated that it was granting a new trial to both defendants because the court believed "justice necessitated another trial." *Oster v. Coca Cola Bottling Company of Philadelphia, Inc.,* 165 Pa. Superior Ct. 470, 69 A. 2d 164; *Stephenson v. Service Supply Corp.,* 164 Pa. Superior Ct. 31, 34, 63 A. 2d 438. At least there is a probable relationship

between the alleged negligence of the minor defendant and any liability on the part of the other defendant, the father of the minor. Where there are two or more defendants, if the court is of the opinion that the interests of justice require it, it may order a new trial as to all parties on the record. *Bergen v. Lit Brothers,* 354 Pa. 535, 538, 47 A. 2d 671; *Gerber v. Jones,* 151 Pa. Superior Ct. 489, 492, 30 A. 2d 534.

We find no basis for interfering with the action of the trial court under the circumstances.

The order granting a new trial is affirmed.