Cohen Appeal.

Argued October 5, 1956. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Henry Temin,* with him *Max E. Cohen,* in propria persona, for appellant.

*Irwin S. Lasky,* with him *Henry W. Balka,* for appellees.

OPINION BY WOODSIDE, J., December 28, 1956:

This case involves a simple question complicated only by unnecessary pleadings and extraneous considerations in the court below. The question is whether the court should permit counsel for defendant in a trespass action growing out of an automobile accident, after he entered his appearance at the direction of defendant's insurer, to withdraw as counsel when he is unable to contact or locate the defendant.

The counsel's petition for permission of the trial court to withdraw sets forth the following facts: After the trespass action was brought against Edward Grogan, Attorney Cohen was directed to enter his appearance by the insurance carrier of Mrs. Grogan, the owner of the automobile driven by Grogan and involved in the accident. The petitioner thereupon entered his appearance, severed the cause of action of wife-plaintiff from that of wife-owner, and joined the latter as additional defendant. When the case was at issue it was placed upon the consolidated jury trial list and appeared there during the November Term, 1954. Petitioner wrote two letters to defendant, Edward Grogan, advising him of the listing of the case for trial and requesting his appearance at petitioner's office in order to prepare the case. One letter was sent to Grogan's Philadelphia domicile at the time of the accident, and an identical letter to his family domicile in Wilkes-Barre. Although neither of these letters was returned, the defendant did not contact counsel. Thereafter petitioner, as well as the insurance carrier, made an extensive effort to ascertain the whereabouts of the defendant, without success.

When the case was relisted for trial during the month of February counsel again attempted to contact his client by sending two "registered mail, return-receipt-requested, letters" to the Philadelphia and Wilkes-Barre addresses, and these letters were returned undelivered. The case was then continued due to defendant's absence. The case having again been listed for trial during the second week in May 1955, counsel on April 26, presented a petition to the court asking "leave of court to withdraw his appearance for defendant."

The petition further alleges that the insurance policy covering the automobile which the defendant was driving contains a clause that the insured shall cooperate with the insurance company and shall attend trials and assist in "securing and giving evidence, obtaining the evidence of witnesses and in the conduct of suits."

It appears from the presentation of the petition, and from a consideration of it as a whole, that counsel was directed to withdraw by the insurance carrier, or at least that the company approved the presentation of his petition. Although we think counsel should have specifically alleged this, we consider it proper for us to assume it from other facts alleged.

Upon the presentation of this petition a rule was entered on the *defendant* to show cause why the petitioner should not be permitted to withdraw his appearance as counsel for defendant. Appellant attempted to give notice of the petition and rule to the defendant, but was not able to locate him.

The court below refused to permit counsel to withdraw. Although ordinarily the determination of the right of counsel to withdraw is within the discretion of the court before whom the case is pending, we are

all firmly of the opinion that the court below erred in not permitting the appellant to withdraw as counsel.

The order of the court below in this case, as in *Kelly v. Kass*, 154 Pa. Superior Ct. 267, 269, 35 A. 2d 531 (1943), ". . . in effect, was a mandate that the attorney defend a client whom he did not and does not desire to represent, who did not select him and with whom, as an attorney, he has no contract for services . . . he is forced, against his will, to defend a case in which he (may have) no contract for services with any client and in which the identity of his principal cannot be determined until long after his services have been rendered. And if the order is permitted to stand, the involuntary and enforced confidential relationship with (Grogan), as his attorney in the trespass action, might very well prevent him from representing the company, his real client, in the contest between (Grogan) and the company which may follow."

Ordinarily the client is entitled to notice of counsel's intention to withdraw, and the right to be heard by the court on the question. *Spector v. Greenstein*, 85 Pa. Superior Ct. 177, 179 (1925). It does not follow, however, that an attorney must continue to serve a client indefinitely when he is unsuccessful in locating him after reasonable effort to do so. Here the attorney advised the judge in his sworn petition that he and the insurance company made an extensive investigation to ascertain the whereabouts of defendant, including inquiries at the home of the defendant's wife in Philadelphia and defendant's mother in Wilkes-Barre, and that the inquiries proved fruitless. If the judge was not satisfied with the sufficiency of the investigation to locate the client, he might have required the filing of an additional affidavit outlining in detail the extent of the investigation, or he might have ques-

tioned counsel in open court when the petition was presented. Whether an attorney can withdraw when he cannot locate his client is a matter between the court and a member of its bar, and the court can expect and enforce honest reporting to it from attorneys, without the need of a "hearing" or of formal sworn testimony.

The *plaintiff* in a trespass action has no legitimate interest in the withdrawal of the defendant's counsel unless it delays the disposition of his case. It is not for him to say whether or not his adversary should have counsel, or who it should be. Since the adverse party should know with whom he is dealing, and should be entitled to object to any delay in his case, trial judges sometimes require the opposing party to be notified of the presentation of a petition to withdraw as counsel, but where no delay in the case is involved and subsequent notice of the withdrawal of counsel is given, there is no reason for an adverse party to even be notified.

Here the plaintiffs in the trespass action, apparently considering themselves the respondents in this matter, filed an "answer" in which they "demand proof" of a number of allegations. They had no standing to answer or to "demand proof." The withdrawal was not delaying their case. Except for their objection to the withdrawal, the case probably would have been tried over a year and a half ago.

To further complicate the matter the plaintiff, after answering, filed a petition for a "rule for leave to file supplemental answer to answer to petition to show cause why defendant's counsel should not be permitted to withdraw his appearance." Upon this petition a rule was issued upon defendant's counsel, whereupon, a supplemental answer was filed by plaintiffs and a

reply thereto made by counsel for defendant. The substance of the plaintiffs' additional answer and the reply thereto, was that plaintiffs had located the defendant in Detroit, Michigan, but that counsel for him, upon being advised of the address by plaintiffs, wrote to that address April 17, 1956, which letter was returned, marked by the post office that Edward Grogan did not reside there.

Upon this record the court, on May 28, 1956, discharged the rule issued upon the defendant.

The court below, treating the plaintiffs in the trespass action as respondents to the petition to withdraw, and stating that "Neither counsel saw fit to furnish us with the complete contract of insurance between Gladys V. Grogan and the insurer", assumed the contract to be of standard form, believed the obligation of the insurance company to defend as absolute, and refused counsel the right to withdraw on the grounds that this obligation cannot be voided by "anticipating the absence of the defendant at a trial . . ." The court also suggested that "No proof by deposition of the efforts made to establish communication has been supplied," and thus concluded "that the defendant does not have knowledge of his attorney's attempt to withdraw."

Apparently attorneys representing plaintiffs in trespass actions fear that if a counsel for the defendant is permitted by the court to withdraw at the direction of the insurance company it will be a judicial determination of the fact that the defendant breached the conditions of the insurance policy, and that the insurance company can thereby avoid liability under the policy to the disadvantage of both the plaintiff and the defendant in the trespass action. See *Kelly v. Kass,* supra, p. 268. This thought also seems to be en-

tertained by at least some common pleas courts, but we do not view it thus.

It has been held that an insurance company's continued participation in the defense of its insured's case operates as a waiver of its right to subsequently raise the question of coverage. *Kelly v. Kass,* supra; *Malley v. American Indemnity Co.,* 297 Pa. 216, 146 A. 571 (1929); *Lewis v. Fidelity & Casualty Co.,* 304 Pa. 503, 509, 156 A. 73 (1931). It does not follow, however, that permitting counsel to withdraw at the direction of the insurance company, because, in the opinion of the insurance company or counsel, the defendant is not cooperating, settles the question of whether or not the defendant has breached the insurance contract.

If the lower court had any doubt about this it could have included in its order the right to withdraw "without prejudice to the rights or liabilities of any of the parties of interest." See *Kelly v. Kass,* supra, and *Thomas v. DeSabato,* 168 Pa. Superior Ct. 586, 587, 80 A. 2d 862 (1951).

We should not confuse the right of counsel to withdraw, with the obligation of his client, the insurance company, to defend his other client, the defendant.

This proceeding is not for the purpose of determining the obligation which the insurance company may have to the defendant in the trespass action, nor to determine what, if any, rights the plaintiffs have or may acquire against the insurance carrier of the defendant. It was the apparent attempt of the court below to deal with these irrelevant questions which led it away from a proper consideration of the only question before it.

The responsibility of the insurance company, either to the insured or to someone who recovers a judgment against him, is one thing; the requirement that a coun-

sel continue in a case is quite another. Even if the *insurance company* would have an absolute liability to defend the defendant (which is a question not before us or the court below) it does not necessarily mean that a *counsel* for the insurance company must continue to represent the insured.

The order of the court below is reversed, and the request of appellant for permission to withdraw as counsel in the trespass action is granted without prejudice to the rights or liabilities of any parties.