Frances ZITOMER and Nathan Zitomer

v.

Frank HOLDSWORTH, a/k/a Fred M.
Holdsworth.

Civ. A. No. 26826.

United States District Court
E. D. Pennsylvania.

Dec. 15, 1961.

See also, 178 F.Supp. 504.

Edward C. German, Philadelphia, Pa.,
for petitioner.

Norman Shigon, Philadelphia, Pa., for
plaintiffs.

FREEDMAN, District Judge.

This is a motion by Edward C. German
for leave to withdraw his appearance for
the defendant.

In support of the motion Mr. German
avers: He was retained by the National
Automobile Insurance Company of At-
lantic Beach, Florida, to appear and de-
fend the action on behalf of the defend-
ant. The insurance company is in re-
ceivership by decree of a Florida Court.
On October 3, 1960, Mr. German was ad-
vised by the receiver that the insurance
company was insolvent and financially un-
able to carry out its policy obligations.
The receiver therefore requested that the
insured be advised that it will be his ob-
ligation to pay any costs incurred since
the receivership, including attorneys
fees. On September 6, 1961, almost a
year later, a letter was sent to defendant
reciting these circumstances and advis-
ing him that counsel intended to apply for
leave to withdraw his appearance unless
defendant retained him within the week.

■ Petitioner should be permitted to
withdraw his appearance as counsel for
the defendant. See Kelly v. Kass, 154 Pa.
Super. 267, 35 A.2d 531 (1943); Sheaffer
v. Turrill, 31 Pa.Dist. & Co. 463, 467
(1938). He was not employed by the de-
fendant, and the insurance company
which selected him has given him notice
of the termination of his employment.
The practice is now commonplace by
which the free choice of a defendant to
select counsel to represent him is trans-
ferred by contract to the insurance com-
pany in aid of its policy obligation to
defend and indemnify the insured
against claims. Now that the insurance
company is no longer defending the claim,

the attorney it retained should be superseded by one of the insured's own choice.[1]

■ Withdrawal should only be permitted, however, on adequate notice to the defendant, with an opportunity on his part to be heard (Spector v. Greenstein, 85 Pa.Super. 177, 179 (1925); Thomas v. De Sabato, 168 Pa.Super. 586, 588, 80 A.2d 862 (1951) ), or at least a reasonable effort to give such notice: Cohen Appeal, 182 Pa.Super. 399, 403, 128 A.2d 114 (1956). A careful examination of the record reveals that the effort to give notice was inadequate. The letter of September 6, 1961, did not purport to be notice of the hearing, which was scheduled some time later. It would be ineffectual in any event. Although it was apparently sent by registered mail, return receipt requested, there is no indication whether a receipt card was returned. Moreover, it was addressed to defendant at his last known address in Ferndale, Michigan, although petitioner had every reason to know that defendant was then in military service, a service which stretched back for many years prior to the time of the accident which is the subject of the present suit.[2]

A notice that the motion to withdraw would be presented to the Court on October 4, 1961, was sent to the defendant on September 18, 1961. It too was addressed to the defendant in Ferndale, Michigan. It was sent by registered mail and the return receipt card was not signed by the defendant personally but by an agent on October 5, 1961, postmarked "USS Proteus, New York, N.Y.". This notice was ineffectual. Its delivery date was one day later than the scheduled date of the hearing, and the hearing was continued to another date, November 8, 1961. Another notice advising defendant of the November 8 hearing on the motion was addressed to defendant on November 1, 1961. The copy on file does not indicate whether it was sent by registered mail. Although petitioner knew that defendant was in military service [3] and had learned from the return receipt card of October 5 that defendant was attached to the USS Proteus, this letter also was addressed to the defendant at Ferndale, Michigan.

In these circumstances we deem it undesirable to enter any final order on the motion until after notice, proper in form and adequate in time, has been given to the defendant, affording him an opportunity to show cause, if he has any, why counsel should not be permitted to withdraw.

■ We cannot now speculate what the defendant will do in the event of Mr. German's withdrawal. He may select counsel of his own choosing or may leave it to the Court to appoint counsel for him under the Soldiers' and Sailors' Civil Relief Act, § 200, as amended, 50 U.S. C.A.Appendix, § 520. In any event, we believe that counsel now of record, who was not selected by the defendant personally, but by his insurance company, should not be forced to continue as counsel. We are reinforced in this conclusion because the record indicates that LaBrum and Doak, Mr. German's law firm,[4] had been retained by the insurance company to defend other automobile accident suits as well as the present one. A law firm should not be required to represent defendants after its employment has been

1. On the practice of selection of counsel by the insurance company rather than the insured, see generally Hicks & Katz, The Practice of Law by Laymen and Lay-Agencies, 41 Yale L.J. 69, 93 (1931).

2. Petitioner had filed on defendant's behalf a motion to dismiss the present complaint, on the ground that it was barred by the statute of limitations. This Court, in an opinion by Steel, J., held that the statute of limitations was tolled because of defendant's active service in the U.

S. Navy: Zitomer v. Holdsworth, 178 F. Supp. 504 (E.D.Pa.1959).

The specific details of defendant's military service appeared in his answer to plaintiffs' interrogatories.

3. See n. 2.

4. The letters sent to the defendant are in the name of Mr. German's firm, LaBrum and Doak, and are not signed by him. Since Mr. German's individual appearance was entered the notice should be in his name.

terminated by the insurance company on whose behalf it entered its appearance. To do otherwise would fasten a burdensome responsibility upon counsel, even if it were limited to insureds who are in military service. Once Mr. German has withdrawn his appearance, plaintiffs' suit against the defendant will be under the watchful eye of the Court, which will see to it that the policy underlying the Soldiers' and Sailors' Civil Relief Act is fully effectuated. See LeMaistre v. Leffers, 333 U.S. 1, 6, 68 S.Ct. 371, 92 L.Ed. 429 (1948).

Petitioner here has followed the better practice of giving notice of the hearing to plaintiffs, whose counsel appeared and asked us to protect their rights. They, of course, have no right to insist upon the continuance of Mr. German as counsel for the defendant. We will follow the practice approved in Kelly v. Kass, 154 Pa.Super. 267, 270, 35 A.2d 531 (1943) and Cohen Appeal, 182 Pa.Super. 399, 406, 128 A.2d 114 (1956), and provide in our Order that the withdrawal of counsel's appearance shall be without prejudice to the rights or obligations of any of the parties. This will amply protect any rights the plaintiffs may have against the insurance company.

Accordingly we enter the following

Preliminary Order

And Now, December 15, 1961, it is ordered that:

1. Petitioner shall give to defendant written notice of the motion for withdrawal of his appearance. The notice shall be accompanied by a copy of the motion and of this Opinion and Preliminary Order.

2. The notice and enclosures shall be delivered to defendant personally or to someone shown to be authorized to receive it on his behalf.

3. Defendant is given thirty days from the date of service of the notice of the motion for withdrawal, to show cause, if any he has, why the motion should not be granted.

4. On compliance with the terms of this Preliminary Order, if defendant shows no cause to the contrary, a Final Order will be entered authorizing the withdrawal of Mr. German's appearance for the defendant.

5. The withdrawal, if and when entered shall be without prejudice to the rights or obligations of any of the parties.