## C. E. Williams Co. *v.* Henry B. Pancoast Company (et al., Appellant).

Argued April 17, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Roger B. Wood,* with him *Joseph R. Thompson,* for appellant.

*Samuel Moonblatt,* with him *Berk, Masino & Moonblatt,* for appellee.

*Richard D. Harburg,* with him *Swartz, Campbell & Henry,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, October 9, 1963:

This appeal challenges the propriety of the action of the court below in refusing to permit the withdrawal of the entry of a general appearance by counsel for an additional corporate defendant which seeks to attack the court's jurisdiction over its person.

The use-plaintiff, Maryland Casualty Company, in the name of C. E. Williams Company (Williams) instituted an assumpsit action against Henry B. Pancoast Company (Pancoast) alleging that Williams had purchased from Pancoast a certain "relief valve" for use in the construction of a public school, that this valve was impliedly warranted by Pancoast to be suitable for its intended use, that it was not suitable for such use and that, by reason of such unsuitability, certain damages from water occurred in the boiler room of a school constructed by Williams. Three months thereafter, Pancoast joined Watts Regulator Company (Watts) as an additional defendant, and, sometime thereafter, Pancoast filed and served a complaint against Watts alleging that the "relief valve" had been manufactured and sold by Watts to Pancoast, that, if the valve was defective as alleged by Williams, it was due to Watts' negligence, that Watts breached its warranty to Pancoast, that Watts was solely liable to Williams and that, in order to protect its right of contribution against Watts, Pancoast joined Watts as an additional defendant.

On November 9, 1961—17 days after service on Watts of Pancoast's complaint—Watts, by its counsel, entered a general appearance.

On November 14, 1961, Watts filed preliminary objections which, inter alia, questioned the court's jurisdiction over its person, i.e., that Watts, a foreign corporation not registered to do business in Pennsylvania, had not appointed an agent to receive service of process

in Pennsylvania and that service upon Watts was faulty in that it was made upon an employee of an independent contractor. Pancoast answered these objections.

On October 5, 1962, a petition was presented to the court by Watts through its counsel wherein it was alleged that the entry of a general appearance had been *inadvertently* filed by Watts' counsel and that such entry of appearance was filed contrary to counsel's intention, without his knowledge and "before it was possible to stop such filing." Upon a rule granted and answer filed, the matter was heard before Judge Mc-CLANAGHAN of Court of Common Pleas No. 1 of Philadelphia County who refused to permit the withdrawal of the general appearance. From that order this appeal was taken.

The principles of law which govern the instant case are well settled. When a defendant in a civil action enters a general appearance in answer to a summons, he cannot afterwards question the court's jurisdiction by an appearance de bene esse: 12 PS §672; *Welser v. Ealer*, 317 Pa. 182, 176 A. 429. By the entry of a general appearance or any act which is equivalent thereof, a defendant submits himself to the jurisdiction of the court and waives the right to challenge the jurisdiction of the court over his person: *Newman v. Shreve*, 229 Pa. 200, 78 A. 79; *English v. English*, 19 Pa. Superior Ct. 586.

The rule that a defendant by entering general appearance waives all objections to the jurisdiction of the court over its person has not been modified or changed by the Pennsylvania Rules of Civil Procedure: Pa. R.C.P. 1017, 1028(b), 1032, 12 PS Appendix; *Yentzer v. Taylor Wine Company, Inc.*, 409 Pa. 338, 186 A. 2d 396; *Lowry v. Commonwealth*, 365 Pa. 474, 76 A. 2d 363; *Daley v. Iselin*, 212 Pa. 279, 61 A. 919.

Under the Pennsylvania Rules of Civil Procedure, special appearances and appearances de bene esse have been abolished and preliminary objections now furnish the *exclusive* method of raising a question of jurisdiction encompassing lack of jurisdiction over the subject matter or lack of jurisdiction over the person. Now it may be said generally that an appearance for a purpose other than that of objecting to the jurisdiction of the court is usually considered a general appearance.

Coupled with the above principles is the rule of law that after a general appearance has been duly entered before a court, such appearance cannot be *arbitrarily* withdrawn but only with the approval of the court: *Collins v. Collins,* 175 Pa. Superior Ct. 214, 103 A. 2d 494, certiorari denied, 75 S. Ct. 38, 348 U.S. 824, 99 L. Ed. 650.

Ordinarily the question of whether an attorney should be permitted to withdraw his appearance is within the discretion of the trial court and the decision of the trial court will be reversed only when plain error is committed: *Cohen Appeal,* 182 Pa. Superior Ct. 399, 128 A. 2d 114. In the absence of a clear abuse of discretion, matters purely within the discretion of a trial court are not reversible on appeal: *Adams v. Scheib,* 408 Pa. 452, 456, 184 A. 2d 700; *Commonwealth v. Ezell,* 212 Pa. 293, 61 A. 930; *Mix v. North American Co.,* 209 Pa. 636, 59 A. 272. To justify a reversal, the abuse of discretion must be clearly shown: *Brady v. Brady,* 168 Pa. Superior Ct. 538, 79 A. 2d 803.

After a careful and extensive review of this record, we find no evidence of any abuse of discretion on the part of the trial court. A lower court will not be reversed either for waiving or refusing to waive noncompliance with *procedural rules* in the absence of a showing of an abuse of discretion which has caused manifest and palable injury to the complaining party: *Coppage v. Smith,* 381 Pa. 400, 113 A. 2d 247.

If any prejudice did result in the case at bar, it would be Williams that was prejudiced since one full year elapsed before Watts sought to withdraw its general appearance. In the absence of a showing of a clear abuse of discretion, the order below must stand.

Order affirmed. Costs on Watts.