## Sheehan v. Laity

*John J. Aponick, Jr.*, petitioner, p.p.
*Arthur L. Piccone*, for respondent.

BIGELOW, J., October 28, 1966.—On December 9, 1965, plaintiff filed a complaint in trespass, claiming

damages in excess of $10,000, resulting from a motor vehicle collision on December 20, 1963, in the Borough of Swoyersville, Luzerne County. The complaint avers defendant's address to be 173 Wyoming Avenue, Kingston, Luzerne County, Pa. On July 5, 1966, defendant's counsel filed a petition for a rule upon plaintiff and defendant to show cause why defendant's counsel's appearance in this case should not be withdrawn. Plaintiff's counsel filed an answer to defendant's petition, service of which was accepted by defendant's counsel on July 21, 1966. Defendant's counsel unsuccessfully attempted to serve the petition and rule upon defendant by certified mail addressed to the last two known addresses of defendant: see affidavit of service filed September 29, 1966. This constitutes good service upon defendant under the provisions of Pennsylvania Rules of Civil Procedure 233 and 1027. At argument of this rule, and by counsel's briefs, reference is made to a stipulation of counsel dated September 30, 1966, between plaintiff's counsel and petitioner identified as "counsel for Allstate Insurance Company, liability carrier for Defendant", setting forth the other material facts of this matter as follows:

"1. That John J. Aponick, Jr., Esq., counsel of record for the Defendant above named, was retained by the Allstate Insurance Company, automobile liability insurance carrier for the Defendant.

"2. That the within action arises as a result of an automobile collision which occurred on December 20th, 1963, and in which the Defendant was involved.

"3. That the within action was instituted by filing of Complaint on December 9th, 1965.

"4. That on January 13th, 1966, the Sheriff of Luzerne County filed return of service indicating that the Defendant could not be found within the County.

"5. That subsequently service of Complaint was made upon Defendant by serving copy thereof upon the

Secretary of the Commonwealth and forwarding copy by certified mail to the last known address of the Defendant in Luzerne County.

"6. That on February 16th, 1966, John J. Aponick, Jr., Esq., entered his appearance in the within action on behalf of the Defendant, which appearance was entered at the instance and request of said Allstate Insurance Company.

"7. That by letter of January 4th, 1966, Arthur L. Piccone, Esq., notified Allstate Insurance Company that his investigation indicated that the Defendant had moved from his last known address; that the Defendant had given up his dress business located in Swoyersville, Pennsylvania and that the Defendant had fled from this jurisdiction.

"8. That on January 17th, 1966, Allstate Insurance Company wrote to Attorney Arthur L. Piccone that their file revealed the Defendant's address to be 173 South Wyoming Avenue, Kingston, Pennsylvania, and further that they had no idea as to his present whereabouts, as there was never any need to have this information, up to that time.

"9. That on July 5th, 1966, Allstate Insurance Company wrote to Mr. Charles Laity at his Kingston address and notified him that they were disclaiming and denying any and all liability or obligation to him under the terms of their policy.

"10. That since entry of appearance on behalf of the Defendant, efforts have been made by said Insurance Company to locate the present whereabouts of the Defendant and all such efforts have been unsuccessful.

"11. That said Insurance Company has been advised that the whereabouts of the Defendant are unknown to his immediate family.

"12. That fugitive warrants have been issued in Luzerne County for the arrest of the Defendant on charges in no way involved in the present suit.

"13. That John J. Aponick, Jr., Esq., has been directed by the said Allstate Insurance Company to withdraw his appearance on behalf of the Defendant".

Defendant's counsel, petitioner, maintains that his rule should be made absolute and he be permitted to withdraw his appearance because defendant has fled the jurisdiction and cannot be found, and because his real client, Allstate Insurance Company, has directed him to withdraw this appearance, he further maintains that the authority for his position is the case of Pawloski v. Ace Moving Company, 56 Luz. 103, decided by the writer of this decision on January 10, 1966, and, finally, states in his argument brief that the facts of this instant case and the Pawloski case, supra, are "under similar circumstances". The similarity is limited to the facts that defendant's counsel in each case was instructed by defendant's liability insurance carrier to enter an appearance on behalf of the named defendant, entered his appearance, and subsequently was directed by the insurance company to withdraw his appearance. Beyond that, the facts are not similar. In the Pawloski case, supra, the insurance company took the position that its insurance policy did not cover plaintiff's claims for damages against defendants in the four actions involved. In the instant case, defendant's counsel retained by defendant's insurance carrier has been directed by the insurance company to withdraw his appearance for the reasons that defendant has fled the jurisdiction and cannot be located elsewhere by the carrier, and thus, defendant's counsel is unable to contact him and cannot prepare an adequate or thorough defense.

Plaintiff-respondent maintains that the insurance company knew, one month prior to the entry of its counsel's appearance on behalf of defendant, that defendant could not be located in this county and had fled the jurisdiction, and that this distinguishes this case

from Pawloski, supra. The fundamental issue, however, is identical, and in the disposition of this rule, this distinction is without significance. Petitioner's appearance was entered not at defendant's request, but at the direction of defendant's insurance carrier, the Allstate Insurance Company, not a party of record. We are not called upon in the disposition of this rule to determine the obligation of the insurance company to defendant, nor to determine plaintiff's rights, if any, against the insurance carrier of defendant: Cohen Appeal, 182 Pa. Superior Ct. 399, 406. If we were to discharge petitioner's rule, we would be forcing petitioner to defend a client with whom he has no contract after his real client, the insurance company, has terminated his services and directed his withdrawal: Kelly v. Kass, 154 Pa. Superior Ct. 267, 269. Limiting our consideration to the sole issue of the right of counsel to represent a client of his choice upon satisfactory compensation arrangements, we conclude that, under the circumstances of this case, petitioner should not be required to defend a client who has not retained him: Swedloff v. Philadelphia Transportation Company, 409 Pa. 382, 386. Petitioner's right as an attorney, as set forth above, is entitled to be protected by this court. The rule will be made absolute without prejudice to the rights and liabilities of all of the parties referred to in this decision: Swedloff v. Philadelphia Transportation Company, supra; Pawloski v. Ace Moving Company, supra.

### ORDER

Now, October 28, 1966, for the reasons set forth in the within decision, petitioner's rule to show cause hereby is made absolute and he is granted leave to withdraw his appearance and representation on behalf of defendant, Charles Laity, without prejudice to the rights and liabilities of any of the parties referred to in this decision.