## Southern Fulton School District v. Hill

*Albert Foster*, for plaintiff.

*Elmer L. Hill*, defendant, p. p.

MACPHAIL, P. J., April 27, 1967.—Elmer L. Hill, a taxpayer in the Southern Fulton School District, has been sued by that school district, in assumpsit, for the amount of tax alleged to be due said school district for the fiscal year 1964-65, by virtue of an occupation tax resolution enacted originally for the fiscal year 1963-64, and reenacted for the fiscal year 1964-65, under the provisions of the Act of June 25, 1947, P. L. 1145, sec. 1, as amended, 53 PS §6851. In addition, the school district is attempting to collect from the taxpayer a penalty of 10 percent on the amount of tax alleged to be due, together with interest to the time of final payment.

A complaint, an amended complaint, a second amended complaint and an amendment to the second amended complaint have been filed by plaintiff. Substantially identical preliminary objections have been filed by defendant to the complaint and each amendment thereof. Defendant proceeded in propria persona. Although both oral argument and reargument were requested by plaintiff, defendant waived oral argument and reargument and submitted his case on brief.

The preliminary objections are entitled "Raising Questions of Jurisdiction, To Strike Off Complaint,

for More Specific Complaint and In Nature of Demurrer". Under that caption, defendant enumerated six items in support of his objections, without specifying which relates to the question of jurisdiction, which to the motion to strike, etc. Under these circumstances, we will deal with the enumerated items without regard to the caption of the pleading, and rule upon each enumerated item specifically. . .

Item 2 alleges that the complaint does not conform with the provisions of the Act of May 25, 1945, P. L. 1050, sec. 1, 72 PS §5511.1, because the complaint states that plaintiff is a "taxing district" without averring facts to establish that plaintiff is a "taxing district", and that the Act of 1945, supra, does not authorize judgment for interest or penalties as claimed in the complaint. Section 2 of the Act of 1945, supra, states that a "taxing district" includes, inter alia, "school districts for the second, third and fourth classes". Furthermore, paragraph 1 of the complaint alleges that plaintiff is a "municipal corporation and taxing district". As to the matter of interest and penalty, the resolution itself is the controlling factor. The complaint alleges that the collection of both interest and penalties are provided for in the tax resolution. If the resolution so provides, plaintiff need plead no more. Furthermore, the Act of 1945 would not control this case in any event. The complaint plainly states that the resolution was enacted under the provisions of the Act of 1947, supra. We conclude that item 2 is without merit.

Item 3 of the preliminary objections alleges that the occupation tax resolution in question violates the uniformity clause of the Pennsylvania Constitution, art. 9, sec. 1, because the tax is assessed upon residents over 21 years, thus excusing and eliminating those under 21 years of age from paying the tax. All that the Constitution requires is that taxes be uniform "upon the

same class of subjects". Exemption from taxation is an accepted method of classification, the rule being that such exemption must be based on rational differences: City of Philadelphia v. Dougherty, 77 Dauph. 158 (1961). Classification for tax purposes is a legislative determination, and so long as there is a valid basis for the classification it will be sustained: Jones and Laughlin Tax Assessment Case, 405 Pa. 421 (1961). Here, the exemption for those under 21 years of age "recognizes the time-honored common-law principle that the fruits of the occupations of minors belong to their parents and not to themselves": Miller v. York Imperial School District, 23 D. & C. 2d 406 (1960). In both the Miller case, supra, and the case of Francher v. Robeson Township School District, 54 Berks 126 (1962), exemptions for minors in occupation tax resolutions were approved. See also section 201, The Fourth to Eighth Class County Law of May 21, 1943, P. L. 571, art. II, sec. 201, as amended, 72 PS §5453.201. We conclude that the exemption for minors is a rational basis for classification and that there is no violation of the Constitution in this respect. Accordingly, we find no merit in the objection raised by item 3.

We have carefully examined items 4 and 5 of the preliminary objections and simply cannot construe them as objections within the meaning of the Pennsylvania Rules of Civil Procedure. Item 4 states that "resolutions which purport to levy or assess taxes are subject to strict construction and any doubt as to the imposition of tax should be resolved against taxing authorities". This is a general statement of the law, but must be considered with an equally well recognized legal maxim that "While the presumption of constitutionality of an ordinance is not as strong as that of an Act passed by the legislature, 'Where a *reasonable interpretation* can be adopted, which will

save the constitutionality of an act or ordinance, it is the court's duty to adopt it' ": Allentown School District Mercantile Tax Case, 370 Pa. 161, 166 (1952). In any event, defendant's blanket statement of a rule of law is not a proper preliminary objection. In the same category is item 5, which simply says "municipalities and school districts have only the power to enact tax ordinances or resolutions which are authorized by the Legislature". Here again, accepting defendant's statement of the law as true, the enactment of the instant occupation tax resolution is specifically authorized by the Act of 1947, supra. We find no validity in the objections raised by items 4 and 5.

Item 6 objects to the manner by which plaintiff last amended its complaint. As previously stated, plaintiff had filed an original complaint and two amended complaints in an apparent attempt to meet the objections filed by defendant to the complaint and each amendment thereof. Subsequently, to meet defendant's objections to the second amended complaint, plaintiff filed a petition with the court for leave to amend the second amended complaint as to paragraph 3 only. We allowed the amendment and directed that service of the amendment be made upon defendant. We further ordered that defendant should have 20 days from the service thereof to plead to the complaint as amended. Within 20 days after service upon him, defendant filed the preliminary objections we now have under consideration.

The whole question raised by item 6 is whether or not plaintiff should have filed another complete amended complaint rather than an amendment to the complaint. Pennsylvania Rule of Civil Procedure 1033, which authorizes the amendment of pleadings, is silent concerning the manner by which an amendment is to be accomplished. Goodrich-Amram §1033-4 in a discussion of this point, concludes: "In the ab-

sence of any definitive statement in Rule 1033, the prior practice will still govern and the form of the amendment will be governed by the order of court, or by local rules of general application".

Rule 20 of the Fulton County Rules of Court provides, in pertinent part:

"Where required, leave to amend the pleadings shall be obtained on petition and rule . . . The party amending his pleading shall file an *amended pleading* within such time as the Court shall direct and shall serve a copy thereof on the opposite party . . . By stipulation of the parties approved by the Court, or a Judge thereof, only the amended portion need be filed and served on the opposite party".

It is obvious that plaintiff's procedure here did not conform with the local rule of court. It is equally obvious that to require plaintiff to file an entirely new complaint will do no more than add to the costs of this case and the time consumed in the ultimate disposition thereof. Our appellate courts have consistently taken a dim view of legal jousting over mere procedural technicalities where the substantial rights of parties are not involved. It has been held that a lower court will not be reversed where it waived compliance with procedural rules in the absence of "an abuse of discretion which has caused manifest and palpable injury to the complaining party": C. E. Williams Co. v. Henry B. Pancoast Company, 412 Pa. 166, 170 (1963). Again, our Supreme Court said: "The attainment of justice is over the highway of realities and not through the alley of technicalities": Peoples Natural Gas Company Appeal, 399 Pa. 226, 234 (1960). Pa. R. C. P. 126 specifically authorizes the court to disregard any error or defective procedure which does not affect the substantial rights of the parties.

In the instant case, were we to sustain defendant's objections and direct plaintiff to proceed in accord

with local rule 20, we would find ourselves two to three months hence in exactly the same position as we are now. The case has already been in litigation for a year and a half. We cannot see that any substantial rights of defendant will be affected if we waive this defect in procedure.

Therefore, even though item 6 of defendant's objections is technically correct, we are going to waive the defect.

And now, April 27, 1967, defendant's preliminary objections are overruled, and defendant is directed to file an answer to plaintiff's complaint as amended, within 20 days from the date of this order. An exception is noted for defendant.