445 A.2d 540

**Bernadine DOUGLAS, Administratrix of the Estate of Mark Douglas, Deceased**

**v.**

**Lavon A. EVANS, Administratrix of the Estate of George Evans, Thomas E. Conti and Philip Iorio.**

**APPEAL OF HENKELMAN, KREDER, O'CONNELL & BROOKS and Ralph J. Johnston, Jr., Esquire.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed May 7, 1982.

Petition for Allowance of Appeal Granted Sept. 30, 1982.

Lucille Marsh, Scranton, for appellants.

Joseph J. Musto, Wilkes-Barre, for Douglas, Conti and Iorio, appellees.

John R. Lenahan, Sr., Scranton, for Evans, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This appeal arises from the trial court's order denying counsels' leave to withdraw their appearance in a wrongful death and survival action per the instructions of United Services Automobile Association, counsels' employer and client. We affirm.

The facts which prompted the filing of the petition to withdraw as summarized by the court below reveal the following:

A policy of automobile liability insurance was issued to defendant, Philip Iorio, by United Services Automobile Association. Appellants, the law firm of Henkelman, Kreder, O'Connell & Brooks, and Ralph J. Johnston, Jr. of Harris, Johnston, and Kennedy, entered their appearance on behalf of the defendant because of an automobile accident which occurred on July 22, 1979. On September 24, 1980, an answer and new matter were filed by appellants on defendant's behalf as instructed by the insurance company. After the company conducted an investigation, it concluded that the insurance policy at issue was not in effect on the date of the accident and instructed appellants to withdraw their appearance. As a result, a petition to withdraw was filed on November 28, 1980. The defendant, however, disputed the insurance company's contention in an answer filed on his behalf by Sandor Yelen, Esquire. Oral arguments and briefs were entertained by the court.

Subsequently, the trial court denied appellant's petition to withdraw and concluded that "the insurer ha[d] waived the right to raise the issue of coverage at this time." Slip Opinion at 4.

The trial court based its decision on the fact that the insurer waited some sixteen months after the accident in order to withdraw from the case and after it had directed appellants to file an appearance, an answer, and new matter. Additionally, the court found that the company offered *no explanation* as to why the company "took this length of time to make the determination [of coverage] which, on its face, d[id] not appear complicated." Slip Opinion at 4. The court also noted that but for the decision of the insurance company to withdraw from the case, the appellants would continue to represent the company. Accordingly, the petition to withdraw was denied. A petition for reconsideration also was denied, and this appeal followed.

In this appeal, appellants contend that an attorney may withdraw an appearance *"when instructed* to do so by the insurance carrier." Brief for Appellant at 6. (Emphasis added). We cannot agree.

 The question of whether an attorney should be permitted to withdraw an appearance is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. See *Phoenix Mut. Life Ins. Co. v. Radcliffe on the Delaware, Inc.,* 439 Pa. 159, 266 A.2d 698 (1970); *C. E. Williams Co. v. Henry B. Pancoast Company,* 412 Pa. 166, 194 A.2d 189 (1963).

We also have recognized the following:

"an insurance company's continued participation in the defense of its insured's case operates as a waiver of its right to subsequently raise the question of coverage." *Cohen Appeal (Schmittinger v. Grogan),* 182 Pa.Super. 399, 406, 128 A.2d 114, 117–118 (1956). (Citations omitted) (Emphasis added). See also *Brugnoli v. United Nat. Ins. Co.,* 284 Pa.Super. 511, 517 ftn. 5, 426 A.2d 164, 167 ftn. 5 (1981).

After a careful review of the record, we have concluded that the trial court did not abuse its discretion in refusing appellants application to withdraw from the case. See Goodrich-Amram 2d § 1012:3.1 ("if the application [to withdraw] is so long delayed that prejudice will result, withdrawal may be refused.") As the trial court aptly stated:

"the insurer has waived the right to raise the issue of coverage at this time. This imposes no great injustice on the insurance carrier. When an insurer *promptly* disclaims, the insured may institute proceedings against the insurer in the event a verdict is entered against him for such losses as are suffered as a result of the disclaimer. Here, when the disclaimer is waived by the conduct of the insurer, the question of the propriety of the disclaimer may be adjudicated if, in fact, a verdict is rendered against their insured. Surely, in either event, i.e., if a verdict is or is not entered against their insured, the insurer would bear the expense of the representation of

the defendant but this is the consequence they must bear when they pursue the course taken in this action.

Furthermore, they have prejudiced the rights of the insured who would now have to retain new counsel who would have to investigate the accident, review the pleadings, engage in discovery proceedings and such other matters as may be necessary to provide a proper defense for the defendant.

At this late date the insurance carrier should not be permitted to direct their counsel, the present petitioners, to withdraw their appearance." Trial Court Opinion at 4–5. (Emphasis added).

Under these circumstances, there is no basis for disturbing the trial court's resolution of the withdrawal issue.[1]

Order of the court is affirmed.

MONTGOMERY, J., concurs in the result.

SPAETH, J., files dissenting opinion.

SPAETH, Judge dissenting:

Although it is true that an insurance company's continued participation in the defense of its insured may operate as a waiver of its right to later deny coverage, *Cohen Appeal*, 182 Pa.Super. 399, 406, 128 A.2d 114 (1956), I am not certain that the insurance company in this case did engage in such "continued participation." The majority, like the lower court, "base[s] its decision on the fact that the insurer waited some sixteen months after the accident in order to withdraw from the case and after it had directed appellants to file an appearance, an answer, and new matter." At 541. But as appellant argues, and I think persuasively, the relevant time period is not sixteen but three months, starting

1. Furthermore, this Court does not approve of the tactics which were employed by the insurance company in the instant case. Although the insurance company disputes the trial court's finding that it delayed more than sixteen months from the date of the accident before requesting the court for permission to withdraw, the insurer has offered no explanation for the delay involved in filing the petition.

when appellant was retained by the insurer and ending with the filing of the petition to withdraw. Appellant's Brief at 8. I should therefore remand for a hearing to determine whether prejudice occurred within that period. If the lower court found that prejudice did occur, appellant would be estopped from raising the question of coverage. If the lower court found no prejudice, the issue of coverage would have to be decided.

The case should be remanded for further proceedings.