John ST. LEGER and Joan
St. Leger, h/w

v.

AMERICAN FIRE AND CASUALTY
INSURANCE CO., et al.

Civ. A. No. 94–3959.

United States District Court,
E.D. Pennsylvania.

Oct. 25, 1994.

Howard B. Zavodnick, Zavodnick & Zavodnick, Philadelphia, PA, for plaintiffs.

John C. Sullivan, Kathleen K. Kerns, Philadelphia, PA, for defendants.

## MEMORANDUM

BARTLE, District Judge.

This declaratory judgment action arises out of an insurance coverage dispute between plaintiffs John St. Leger and Joan St. Leger ("St. Legers") and their insurer, defendant American Fire and Casualty Insurance Company ("American Fire").

In an underlying suit out of which this dispute arises, Khaalida Bey ("Bey")[1] has sued the St. Legers in the Court of Common Pleas of Philadelphia County. *Bey v. St. Leger*, March Term, 1992, No. 5600 (C.P. Phila. Co.). Bey allegedly suffered lead paint poisoning as a result of ingestion and/or inhalation of excessive amounts of lead in an apartment owned by the St. Legers. American Fire initially provided defense counsel for the St. Legers in the underlying *Bey* suit, but subsequently denied a defense. In response, the St. Legers filed this action in the Court of Common Pleas of Philadelphia County seeking a defense and indemnification for the *Bey* suit. American Fire then timely removed the case to federal court.[2]

Before this court are cross-motions for summary judgment regarding American Fire's duty to provide a defense and coverage for the underlying suit. The standards for deciding summary judgment motions under Rule 56 of the Federal Rules of Civil Procedure are well established.[3] To obtain summary judgment, the moving party must establish that no genuine issues of material fact are disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Under Pennsylvania law, "the duty to defend arises where, if the facts as alleged are proven, coverage would exist under the terms of the policy." *Special Investigations Agency, Inc. v. Pacific Ins. Co.*, No. 91–3392, 1992 WL 322150, at *1, 1992 U.S.Dist. LEXIS 16802, at *4 (E.D.Pa. Oct. 29, 1992) (quoting *Youngman v. CNA*, 401 Pa.Super. 381, 585 A.2d 511, 514, *appeal denied*, 527 Pa. 637, 592 A.2d 1304 (1991)). *See also Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 Pa. 55, 188 A.2d 320, 321–22 (1963); *Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co.*, 25 F.3d 177, 179 (3d Cir.1994). The insurer must defend its insured on all claims if some of the allegations potentially come within the terms of coverage and some do not. *Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co.*, 707 F.Supp. 762, 766 (E.D.Pa.1989) (citation omitted), *aff'd in part, vacated in part on other grounds*, 25 F.3d 177 (3d Cir.1994).

The first issue raised by the parties is whether the alleged loss falls within the coverage period of the American Fire policy. American Fire argues that the policy does not encompass the alleged lead paint exposure suffered by Bey as the loss originated before the inception of the policy. Occurrence policies do not cover injuries which manifest themselves before the policy period begins. *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56, 61–62 (3d Cir. 1982); *D'Auria v. Zurich Ins. Co.*, 352 Pa.Super. 231, 507 A.2d 857, 861 (1986). It is unnecessary to detail the conflicting evidence on this point that has emerged during discovery. Suffice it to say that a genuine issue of

---

1. Khaalida Bey is also named as a defendant in this action. She has not entered an appearance. It is unclear why she is a party.

2. This court denied plaintiffs' motion to remand to the Court of Common Pleas.

3. Rule 56(c) provides in relevant part:

   The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

material fact exists as to when Bey's injuries began to appear. Thus, summary judgment cannot be granted on this basis.

American Fire next argues that the pollution exclusion clause in the policy precludes coverage for this lead paint exposure claim.[4] This clause excludes coverage for:

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

(a) At any premises you own, rent, or occupy.

Pollutants are defined as "any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Waste entails "materials to be recycled, reconditioned, or reclaimed."

■ Some courts, including the Supreme Judicial Court of Massachusetts, have held that this same exclusion did not preclude lead paint exposure claims. *See Atlantic Mut. Ins. Co. v. McFadden*, 413 Mass. 90, 595 N.E.2d 762, 764 (1992). Plaintiffs also cite to *Gould, Inc. v. Continental Casualty Co.*, No. 3529 (C.P.Phila. Jul. 26, 1991), *appeal quashed*, No. 3204 (Pa.Super. Nov. 18, 1993). Plaintiffs' reliance on that case is misplaced. The court there determined that the pollution exclusion clause was not applicable to lead paint poisoning because the exclusions were designed for occurrences outside the workplace. *Gould*, slip op. at 1. The alleged exposure in this action did occur outside the workplace—in the apartment owned by the St. Legers.

Despite some case law to the contrary, this court concludes that lead paint is a pollutant within the meaning of the exclusion in the American Fire policy. Our decision is in accord with the reasoning of our colleague Judge Clarence Newcomer in a similar case. *See Kaytes v. Imperial Casualty & Indem.*

Co., No. 93–1573 (E.D.Pa. Jan. 6, 1994). As explained by the Court of Appeals for the Third Circuit, "[u]nder Pennsylvania law, where the language of an insurance policy is unambiguous, a court must enforce the clear meaning of that language." *McMillan v. State Mut. Life Assurance Co. of Am.*, 922 F.2d 1073, 1075 (3d Cir.1990) (citation omitted). Courts must not torture the policy language in order to "create ambiguities where none exist." *Id.* (citation omitted). The meaning here is clear. As Judge Newcomer persuasively noted in *Kaytes*, "[l]ead is a chemical that irritates and contaminates."[5] *Kaytes, supra*, slip op. at 2. This is widely understood. Ingestion of household dust containing lead released by lead paint is the most common cause of lead poisoning in children. 42 U.S.C. § 4851(4). Exposure to lead from lead-contaminated dust or lead-contaminated paint that would result in adverse human health effects is labelled a "hazard" in the Residential Lead–Based Paint Hazard Reduction Act of 1992. 42 U.S.C. § 4851b(15). Lead has been identified as a pollutant in the context of ambient air quality mandated by the Clean Air Act. 40 C.F.R. §§ 50.2, 50.12.

Plaintiffs assert that American Fire has waived its right to deny coverage and to cease providing counsel by failing to disclaim coverage for the *Bey* suit for two years. Plaintiffs cite *Douglas v. Evans*, 299 Pa.Super. 232, 445 A.2d 540 (1982) to support this argument. That decision, however, was vacated by the Pennsylvania Supreme Court. *Douglas v. Evans*, 502 Pa. 432, 466 A.2d 1030 (1983).

■ American Fire sent its reservation of rights letter to the St. Legers on June 19, 1992, only about two and a half months after the underlying suit was filed. American Fire reserved "the right to disclaim coverage upon the grounds of late notice and should our investigation disclose that the claim does not

4. This court notes that the portion of plaintiffs' brief concerning the pollution exclusion clause appears to repeat nearly verbatim, without attribution, a brief filed by counsel for Albert J. Kaytes, Albert J. Kaytes Co., Inc. and Western World Insurance Company in *Kaytes v. Imperial Casualty & Indemnity Co.*, No. 93–1573 (E.D.Pa.).

5. There was no evidence presented that the St. Legers had reasonable expectations to the contrary. *Bensalem Twp. v. International Surplus Lines Ins. Co.*, 38 F.3d 1303 (3d Cir.1994).

**644**

come within the scope of coverage provided by the policy." No waiver on the part of American Fire occurred. The St. Legers were on notice at a very early stage that American Fire specifically reserved its right to refuse coverage. Under Pennsylvania law, an insurer is not estopped from denying coverage when, as happened here, the insured received a timely reservation of rights letter. *Brugnoli v. United Nat'l Ins. Co.*, 284 Pa.Super. 511, 426 A.2d 164, 167, *clarified,* 284 Pa.Super. 520, 434 A.2d 105 (1981) (citations omitted). *See also Federal Ins. Co. v. Susquehanna Broadcasting Co.*, 727 F.Supp. 169, 172 (M.D.Pa.1989), *amended on other grounds,* 738 F.Supp. 896 (M.D.Pa.1990), *aff'd,* 928 F.2d 1131 (3d Cir.), *cert. denied,* 502 U.S. 823, 112 S.Ct. 86, 116 L.Ed.2d 58 (1991).

Accordingly, the motion of plaintiffs for summary judgment will be denied and the motion of defendant American Fire for summary judgment will be granted.

### ORDER

AND NOW, this 25th day of October, 1994, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs, John St. Leger and Joan St. Leger, for summary judgment is DENIED and the motion of defendant, American Fire and Casualty Insurance Company, for summary judgment is GRANTED.

Judgment is entered in favor of defendant, American Fire and Casualty Insurance Company, and against plaintiffs, John St. Leger and Joan St. Leger, declaring that American Fire and Casualty Insurance Company does not have a duty to defend or provide coverage to plaintiffs under policy No. 50428999 in the case of *Bey v. St. Leger,* March Term, 1992, No. 5600 (C.P. Phila. Co.).

It is further ORDERED that the action is DISMISSED without prejudice as to defendant Khaalida Bey.