## Jones v. Bhatt

C.P. of Monroe County, no. 2049 Civil 1999.

*Kelly Clifford Rambo,* for plaintiffs.

*Shawn P. Phillips,* for defendants Bhatt and Pocono Ear, Nose and Throat.

*Bruce L. Coyer,* for defendant Pocono Medical Center.

WALLACH MILLER, *J.,* January 24, 2001—On June 9, 1999, Stephanie Jones and Richard Jones, her husband, filed a medical malpractice complaint against Drupad D. Bhatt M.D., Pocono Ear, Nose and Throat and Pocono Medical Center alleging that plaintiff wife suffered serious and permanent injuries to her nose due to the negligence of defendants.

On November 2, 1999, the plaintiffs filed a second complaint against Monroe Ear, Nose and Throat and Facial Plastic Surgery. On December 1, 1999, we consolidated these cases and set discovery deadlines. A second order based on a stipulation of all parties extended these discovery deadlines and provided (1) all discov-

ery was to be completed by September 30, 2000; (2) plaintiffs' expert reports were to be provided within 90 days from the completion of discovery or December 30, 2000; and (3) defendants' expert reports were to be provided within 90 days of receipt of plaintiffs' expert reports.

On November 17, 2000, plaintiffs' counsel filed a petition to withdraw from their representation of plaintiffs telling us only that it would be in the best interest of the plaintiffs that they be permitted to withdraw. Plaintiffs filed a pro se answer objecting to the withdrawal and asking the court to deny the withdrawal petition but to extend discovery deadlines for an additional 60 days. Plaintiff husband also appeared at oral argument to oppose this motion.

Defendants do not oppose the motion to withdraw but object to any extensions of time requested by plaintiffs in regard to discovery.

Pennsylvania Rule of Civil Procedure 1012(b) provides:

"An attorney's appearance for a party may not be withdrawn without leave of court unless another attorney has entered or simultaneously enters an appearance for the party and the change of attorneys does not delay any stage of the litigation."

Counsel may seek to withdraw from representation for a variety of reasons, from ethical to financial. *Commonwealth v. Ford,* 715 A.2d 1141 (Pa. Super. 1998). Rules of Professional Conduct 1.16(b) lists numerous instances where a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client or

other reasons as set forth in the rule are present. The notes to this rule provide that the lawyer's statement that professional considerations require termination of their representation ordinarily should be accepted as sufficient. The only reason that we had been given by counsel in this case is that it is in the best interest of the plaintiffs that they be permitted to withdraw. The plaintiffs themselves argue that it would not be in their best interest as they have attempted to obtain substitute counsel and thus far have been unsuccessful. Plaintiffs also argue that they do not understand why the law firm is seeking to withdraw and that they would be severely prejudiced and may lose legal rights if the law firm is permitted to withdraw.

In the only appellate case that we could find on this issue, *C.E. Williams Co. v. Henry B. Pancoast Co.,* 412 Pa. 166, 194 A.2d 189 (1963), our Supreme Court held that the question of whether an attorney should be permitted to withdraw his appearance is within the discretion of the trial court and that decision will be reversed only when plain error is committed. The court further held that in the absence of a clear abuse of discretion, matters purely within the discretion of a trial court are not reversible on appeal.

After a careful and extensive review of the pleadings, briefs filed and oral argument, we do not find that plaintiffs' attorneys have given us an adequate reason to withdraw at this time particularly in view of the objections of their clients. In light of this finding, we need not address the issue of discovery deadlines. Those deadlines have been set by court order, and the parties may file whenever motions are necessary to move this case to trial.

548

## ORDER

And now, January 24, 2001, the plaintiffs' counsel's petition to withdraw is denied.