## Demharter *v.* First Federal Savings & Loan Association of Pittsburgh, Appellant.

Argued March 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Samuel M. Jackson,* with him *Andrew G. Uncapher,* and *James C. Larrimer,* for appellant.

*Louis E. Sensenich,* with him *H. Reginald Belden,* for appellees.

OPINION BY MR. JUSTICE BOK, April 20, 1959:

After this complaint in equity was filed, local counsel for the corporate defendant filed his appearance in Westmoreland County. Service upon it had been had by the deputized sheriff of Allegheny County at its main place of business in Pittsburgh.

After examining the sheriff's return of service, counsel orally asked leave of the Westmoreland County Court to withdraw his appearance in order that he might file preliminary objections to challenge the court's jurisdiction over the corporate defendant. The court allowed him to withdraw and this was done. Timely preliminary objections were then filed and upon their being dismissed with direction to answer over, this appeal followed.

The two individual defendants have not been heard from.

Although the corporate defendant filed six preliminary objections, it now complains of the dismissal of only the one that has to do with jurisdiction. Further, the court in banc not only upheld the deputized service on defendant in Allegheny County but it upheld jurisdiction because "all other matters pertaining to this dispute were placed in the jurisdiction of this Court." The corporate defendant did not complain of this either, and hence its sole point on appeal is that of the filing and later withdrawal of its counsel's appearance.

Under Pa. Rule of Civil Procedure 1504 (b) (1), "if the subject matter of the action is property within

the jurisdiction of the court, the plaintiff shall have the right of service upon a defendant in any other county," by deputizing its sheriff.

The subject matter of this action is clearly in Westmoreland County. It consists of real estate, a mortgage recorded there, a judgment taken there on the bond, an execution sale on the judgment, and a bond posted by direction of the court to protect mechanics' liens. These facts appear in the complaint. The relief sought is not against persons: the purpose of the suit is to subject the *res* to the power of the State and its process. See *Mid-City Bank & Trust Co. v. Myers*, 343 Pa. 465 (1942).

This being so, the service was good because jurisdiction exists, and the practice question raised by appellant as to the effect of counsel's appearance and later withdrawal is moot.

In passing, we deprecate the procedure used. Counsel should not have asked orally and the court below should not have granted him permission *ex parte* to withdraw his appearance. Under the new rules an appearance may be voluntary, but just as surely its withdrawal may not be, if the opposing party has altered his position or has other cause. Withdrawal of appearance, under the circumstances of this case, should be by petition and rule.

The decree is affirmed at the cost of appellant.