## Swedloff *v.* Philadelphia Transportation Company (et al., Appellant).

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

*Joseph H. Foster,* with him *White & Williams,* for appellant.

*William J. McKinley, Jr.,* for transportation company, appellee.

*Lawrence Corson,* with him *Eilberg, Meshon & Brener,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 8, 1963:

Although the record in this case is filled with contradictions and is extremely confusing, we shall assume, in order to dispose of the questions involved, the following facts which we believe fairly represent the procedural events which actually transpired.

B. Barry Swedloff, the driver of the automobile belonging to his brother, Jack G. Swedloff, and Edward

Robinson, a guest in his automobile, brought an action in trespass against the Philadelphia Transportation Company. This trespass action was instituted on June 21, 1961, 11½ months after Swedloff's automobile collided with a bus owned by the Philadelphia Transportation Company, the original defendant.

The Philadelphia Transportation Company severed B. Barry Swedloff as plaintiff and joined him and Jack G. Swedloff as additional defendants. Jack G. Swedloff had been insured by the American Surety Company. It was alleged that he failed to notify the Surety Company of the accident until after the Philadelphia Transportation Company's complaint to join the Swedloffs as additional defendants had been served upon them, which was over 14 months after the accident.

At the direction of the Surety Company White & Williams, by Richard W. Hopkins, entered an appearance for the additional defendants (the Swedloffs). Thereafter White & Williams, as attorneys for the Swedloffs, addressed interrogatories to Robinson and filed an answer to the complaint of the Philadelphia Transportation Company. Five months after the filing of this answer, White & Williams at the direction of their client, the American Surety Company, filed a petition for a rule on all parties to show cause why they should not be permitted to withdraw their appearance. After a considerable time the Court discharged the rule, because otherwise the plaintiff would have been unduly prejudiced by delay (the case having been ordered on the trial list) and the interest of the additional defendants would be prejudiced.* From this Order of the Court the present appeal was taken by Richard W. Hopkins.

---

* Strange to say, the only answers ever filed to the petitions and rules in this case were filed by plaintiff Robinson.

We believe that sometimes too little consideration is given to the rights and privileges of an attorney at law to represent clients of his choice and to terminate a lawyer-client representation when he desires, provided it will not unjustly prejudice the rights of his client. Permitting counsel's withdrawal at the direction of the Surety Company in no way prejudices the insured (Swedloff) with regard to the question of coverage: *Kelly v. Kass,* 154 Pa. Superior Ct. 267, 268, 35 A. 2d 531; *Cohen Appeal,* 182 Pa. Superior Ct. 399, 406, 128 A. 2d 114, or the right of the plaintiff to a speedy trial.

It is a fair deduction from the record that the reason for White & Williams' and Hopkins' petition for leave to withdraw was to enable the Surety Company to avoid its contract of insurance with Jack G. Swedloff because of the latter's alleged failure for over fourteen months to notify the Company of the accident. However, all parties agree that this question and this defense are not presently before this Court and were not before the Court of Common Pleas.

In *Kelly v. Kass,* 154 Pa. Superior Ct., supra, the Court said (page 269) : "The order, in effect, was a mandate that the attorney defend a client whom he did not and does not desire to represent, who did not select him and with whom, as an attorney, he has no contract for services. We think it puts him in an embarrassing situation."

*Cohen Appeal,* 182 Pa. Superior Ct., supra, is pertinent. In that case the Court said (page 406) : "It has been held that an insurance company's continued participation in the defense of its insured's case operates as a waiver of its right to subsequently raise the question of coverage. Kelly v. Kass, supra; Malley v. American Indemnity Co., 297 Pa. 216, 146 A. 571 (1929) ; Lewis v. Fidelity & Casualty Co., 304 Pa. 503, 509, 156 A. 73 (1931). It does not follow, however,

that permitting counsel to withdraw at the direction of the insurance company, . . . settles the question of whether or not the defendant has breached the insurance contract. . . . We should not confuse the right of counsel to withdraw, with the obligation of his client, the insurance company, to defend his other client, the defendant."* Accord: *Zitomer v. Holdsworth,* 200 F. Supp. 490 (1961).

The Order of the lower Court, in effect, forced upon White & Williams and/or Hopkins the duty and burden of defending this case (a) for persons who did not employ them or him, viz., the two Swedloffs and (b) even though White & Williams and/or Hopkins might never be paid for their services, since they had never been employed by either Swedloff and their employment in this case by and at the direction of the American Surety Company had been terminated by that Company. Under these facts and circumstances we conclude (1) that an attorney has a lawful right to represent in his sole discretion (a) only a client of his choice and (b) only if he is satisfied with the compensation arrangement for his services, and that right is entitled to be protected by the Courts, and (2) that no harm can result to any of the parties if an Order is entered making the rule absolute, without prejudice to any rights any party may have against the American Surety Company.

The Order of the Court below is reversed and that Court is directed to enter an Order granting counsels' petition to withdraw their and his appearance as counsel for Jack G. Swedloff and for B. Barry Swedloff,

---

* The instant case is clearly distinguishable on its facts from *Demharter v. First Federal Savings and Loan Association of Pittsburgh,* 395 Pa. 400, 150 A. 2d 354, since in this case the attorney's withdrawal was sought by petition and rule and was not oral and ex parte.

without prejudice, however, to the rights and liabilities of any of the parties.

Mr. Justice COHEN and Mr. Justice EAGEN concur in the result.

