George W. **GOULDING**, Plaintiff on Counterclaim,

v.

Michael **SANDS**, Defendant on Counterclaim,

v.

**UNITED STATES FIRE INSURANCE COMPANY**, Garnishee-Appellant.

No. 15286.

United States Court of Appeals
Third Circuit.

Argued Nov. 2, 1965.

Decided Feb. 1, 1966.

Arthur G. Stein, Pittsburgh, Pa. (Stein & Winters, Pittsburgh, Pa., on the brief), for United States Fire Insurance Company.

Norman J. Cowie, Pittsburgh, Pa. (Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., on the brief), for George W. Goulding.

Before STALEY and FREEDMAN, Circuit Judges, and COHEN, District Judge.

COHEN, District Judge:

Garnishee-Appellant, United States Fire Insurance Company (Insurer), a New York corporate underwriter of liability insurance, and carrier for Michael Sands (Sands), defendant on counterclaim, seeks review of the grant of Summary Judgment in favor of Appellee, George W. Goulding (Goulding), and the denial of its cross motion for similar relief.

The primary litigation was a personal injury negligence action based upon diversity of citizenship in which the motor vehicles of Sands, a New York resident, and Goulding, a Pennsylvania resident, were in collision August 27, 1960, in Westmoreland County, Commonwealth of Pennsylvania, resulting in injuries and damages to all parties. Both vehicles contained, as passengers, the respective wives of the parties. An action for negligence was instituted in the United States District Court for the Western District of Pennsylvania by Sands and

his wife against Goulding, who in turn filed a counterclaim for his damages and those of his wife, and for contribution from Sands in the event that the jury found both drivers jointly liable for the personal injuries to Mrs. Sands. A verdict of $15,000.00 in favor of Mrs. Sands was returned against both drivers, finding them guilty of concurrent negligence. Goulding paid the entire judgment, and on his claim for contribution against the joint tortfeasor, the trial court entered a judgment for one-half ($7,500.00) in favor of Goulding and against Sands.

In his endeavor to recover on his $7,500.00 judgment, Goulding resorted to execution proceedings wherein he named Sands' insurance carrier, the appellant here, as garnishee. Cross motions for Summary Judgment were filed, and the present appeal stems from the grant of Goulding's and the denial of Appellant-Garnishee's.

Both at the time the New York insurance policy was issued to Sands and on the date of the collision in Pennsylvania, he resided in New York. After the commencement of suit by Sands, and upon the filing of a counterclaim by Goulding, the Insurer engaged Pennsylvania counsel to defend Sands in his capacity as defendant on the counterclaim.

Now that recovery is sought from Sands' insurer, it maintains that the Trial Court erred in entering Summary Judgment against it. It contends that under the law of New York, which it alleges governs the contract of insurance, a statutory exclusion of liability for injuries as between spouses prevails,[1] no provision to the contrary having been incorporated into the policy, and that Pennsylvania courts, both state and federal, must give effect to the New York statute, thus absolving it from liability.

In support of the judgment in his favor, Goulding counters that the laws of Pennsylvania, not the laws of New York,

---

1. 27 N.Y. McKinney's Consol. Laws Annot. c. 28, § 167–3: "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or be-cause of injury to, or destruction of property of his or her spouse unless expressed provision relating specifically thereto is included in the policy."

govern the terms, construction and effect of the insurance policy resulting in coverage as found by the Trial Court; and further, that the Insurer is estopped from asserting lack of coverage, under a New York statutory exclusion as between spouses, by reason of its conduct of the litigation on behalf of the assured throughout these proceedings.

The *estoppel* asserted here, although briefed and presented below, was not reached by that Court because it determined that the dispositive issue was one involving a conflict of laws between New York and Pennsylvania. In resolving the applicability of the Pennsylvania law, it considered unnecessary the question of *estoppel*. The Trial Judge concluded that Griffith v. United Air Lines, 416 Pa. 1, 203 A.2d 796 (1964), while not directly in point, established a new rule in a choice of laws problem, now known as the doctrine of "center of gravity" or "grouping of contacts." Hence, the laws of the place having the greater interests and connections with the problem, Pennsylvania, should control. It was here that the collision occurred and the damages sustained; Goulding and his wife were Pennsylvania residents; and Sands and his wife instituted suit in which the Gouldings counterclaimed, thereby submitting all parties to the jurisdiction of the Pennsylvania Courts for redress of their grievances. The sole contact with New York was the issuance of the policy to Sands, there. Pennsylvania law, the Trial Court held, favors coverage for its residents and effectively inhibits the New York statutory exclusion of liability between spouses.

■ We are of the opinion that the Trial Court properly entered Summary Judgment in favor of Goulding, and against the Insurer. However, in reaching its conclusion the Trial Court, relying upon Gerr v. Emrick, 283 F.2d 293 (3 Cir. 1960), sought an ascertainment of what, in its opinion, the Supreme Court of Pennsylvania would determine on a conflict of laws issue, if it were presented with this factual situation. While we agree with the result reached by the court below, we find the choice of a conflict of laws rule of the forum unnecessary to sustain its judgment under the circumstances of this case. Rather, we prefer to base our affirmance upon the equitable doctrine of *estoppel* which prohibits the Insurer from asserting lack of coverage, by virtue of its conduct in undertaking the defense of Sands and in fully participating in all aspects of the primary litigation in negligence, and the supplementary proceedings in execution. On April 18, 1962 counsel for the Insurer appeared for Sands in his capacity as defendant on the counterclaim; on November 8, 1962 he executed a pretrial stipulation and attended a pretrial conference; and on June 24, 1963 he participated in the negligence trial. On October 16, 1963 the Insurer, for the first time, communicated to Sands that under New York law it could not honor the judgment against him in favor of Goulding. Nevertheless, counsel for the Insurer continued his representation on behalf of Sands in post judgment and execution proceedings, subsequent to which he filed a notice of appeal on his behalf which was later abandoned, without any consultation with Sands whatsoever. At no time did the Insurer reserve, as it could very well have done, any right to assert lack of coverage should the contest which it undertook be determined against Sands; nor did it advise, recommend, or suggest that Sands obtain other counsel for his defense on the counterclaim, but rather it commanded his complete defense. The Insurer's management and control of the Sands' litigation continued for some 19 months, after the letter of disclaimer dated October 16, 1963. It is difficult to perceive more complete identification of liability interests with those of Sands by the Insurer, undertaking as it did complete supervision of the litigation, without any reservation of rights as required under both the Pennsylvania and New York laws.

■ Both the Courts of Pennsylvania and New York are in accord that, in a given situation, where the insurance policy has a provision which renders it in-

applicable to a particular loss, or if the policy does not provide a given coverage for a particular loss, the carrier is not permitted to manage and defend the assured throughout pretrial and trial proceedings, have judgment rendered against the policyholder, and then, when execution on the judgment threatens, belatedly disclaim coverage and liability. Malley v. American Indemnity Corp., 297 Pa. 216, 146 A. 571, 81 A.L.R. 1322 (1929); Perkoski v. Wilson, 371 Pa. 553, 92 A.2d 189 (1952); Swedloff v. Phila. Transp. Co., 409 Pa. 382, 187 A.2d 152 (1963). The New York law is in accord, see: Moore Construction Company v. United States Fidelity & Guar. Company, 293 N.Y. 119, 56 N.E.2d 74, 153 A.L.R. 952 (1945). Moreover, in the instant case, the policy of insurance does not contain an exclusion of liability clause as between spouses. The Insurer seeks to incorporate the New York statutory exclusion into its New York contract. Be that as it may, the insurance carrier must have a written agreement with the assured reserving its rights on the question of coverage in order to protect itself against *estoppel* by conduct. No such agreement was made in the instant case. See: O'Dowd v. American Surety Company, 3 N.Y.2d 347, 165 N.Y. S.2d 458, 144 N.E.2d 359 (1957).

The question as to whether *estoppel* may be asserted by a third party (Goulding) against another's (Sands') insurance carrier is settled in Pennsylvania in the affirmative. See: Malley v. American Indemnity Company, supra, where it was held that when defense is undertaken, *as if covered* by the insurance contract, both the plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the insurance company to the assured. Two years after *Malley,* the Pennsylvania Supreme Court permitted a plaintiff to assert *estoppel* against a defendant's insurance carrier in Lewis v. Fidelity & Cas. Co., 304 Pa. 503, 156 A. 73 (1931). Laroche v. Farm Bureau Mut. Auto. Ins. Co., 335 Pa. 478, 479, 7 A.2d 361 (1939) demonstrates that the plaintiff so succeeds to the insured's right.

Under all of the circumstances of this case evidencing, as they do, assumption of policy liability coverage as manifested by the affirmative conduct of the Insurer, it is estopped from asserting lack of coverage under Pennsylvania law, as well as under the laws of New York.

For the reasons assigned herein, the judgment of the Trial Court will be affirmed.