## Brown *v.* Pennsylvania Railroad.
## Lovitz Appeal.

Argued May 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Stephen A. Cozen,* with him *Orlofsky and Cozen,* for appellants.

*Pershing N. Calabro,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 27, 1969:

Plaintiffs, James Brown and Arthur J. Devlin, filed complaints in trespass against The Pennsylvania Rail-

road Company in August and September of 1967, alleging that they collided with defendant's train and were seriously injured on September 26, 1965 while riding in an automobile on Delaware Avenue in Philadelphia.

The railroad then joined as additional defendants Devlin in the Brown case and Joseph DiGironimo and Anthony DiGironimo, trading as J & A Catering Service [J & A] in both cases, alleging that J & A had served or furnished alcoholic beverages to Brown and Devlin at a reception preceding the accident in violation of the Dram Shop Act.

J & A in turn, on November 22, 1967, filed writs to join the Order of Sons of Italy, Grand Lodge of Pennsylvania, [Grand Lodge] (appellee herein) as an additional defendant.

On December 20 and 22, 1967, Arnold Lovitz, Esquire, appellant herein, pursuant to instructions from Hartford Accident and Indemnity Co. [Hartford] filed entries of appearance on behalf of the appellee, together with rules upon J & A to file complaints.

On January 15, 1968, J & A filed complaints, alleging that if Brown and Devlin were served alcoholic beverages, it was by the Grand Lodge, not by J & A.

Thereafter, appellant, who had been engaged to represent the interests of appellee by Hartford, its liability carrier, was instructed to withdraw his appearances. Appellee was notified by letter dated March 26, 1968 that the carrier had determined that there was no coverage under its policy, and that the carrier would not defend the cases. Appellee was instructed to forward the complaints filed against it to its own attorneys and arrange with appellant for a substitution of appearance. No action having been taken by appellee, appellant, on April 24, 1968 obtained rules upon all parties to show cause why he should not be allowed to withdraw as attorney for appellee.

On December 17, 1968, the court below dismissed the petitions and rules, thus requiring appellant to continue in his representation of appellee. Appellant then appealed to this Court.[1]

We reverse. The instant case is virtually identical to *Swedloff v. Phila. Trans. Co.*, 409 Pa. 382, 187 A. 2d 152 (1963). In *Swedloff*, the plaintiffs, B. Barry Swedloff (the driver) and Edward Robinson (the passenger), sued the PTC. PTC severed B. Barry Swedloff as plaintiff and joined him and his brother, Jack G. Swedloff, the owner, as additional defendants. Jack G. Swedloff was insured by the American Surety Company. At the direction of the Surety Company, the law firm of White & Williams entered an appearance for the additional defendants. White & Williams addressed interrogatories to Robinson and filed an answer to the complaint of the PTC. Two months after the filing of the answer, White & Williams filed a petition for a rule to show cause why they should not be permitted to withdraw their appearance. The court discharged the rule, and we reversed. We there stated: "We believe that sometimes too little consideration is given to the rights and privileges of an attorney at law to represent clients of his choice and to determine a lawyer-client representation when he desires, provided it will not unjustly prejudice the rights of his client. Permitting counsel's withdrawal at the direction

---

[1] The order dismissing appellant's petitions and rules is appealable. We so treated the order denying leave to withdraw as counsel in *Swedloff v. Phila. Trans. Co.*, 409 Pa. 382, 187 A. 2d 152 (1963), although the issue was neither raised nor discussed there. Even though the often-used rationale for appealability that appellant has been put "out-of-court" is particularly inapt in the instant situation where appellant has actually been forced into court, it is apparent that as to him, the order is an absolute denial of the relief sought, and could never be raised at any other time if it were not appealable now.

of the Surety Company in no way prejudices the insured (Swedloff) with regard to the question of coverage: Kelly v. Kass, 154 Pa. Superior Ct. 267, 268, 35 A. 2d 531; Cohen Appeal, 182 Pa. Superior Ct. 399, 406, 128 A.2d 114, or the right of the plaintiff to a speedy trial.

"It is a fair deduction from the record that the reason for White & Williams' and Hopkins' petition for leave to withdraw was to enable the Surety Company to avoid its contract of insurance with Jack G. Swedloff because of the latter's alleged failure for over fourteen months to notify the Company of the accident. However, all parties agree that this question and this defense are not presently before this Court and were not before the Court of Common Pleas.

"In Kelly v. Kass, 154 Pa. Superior Ct., supra, the Court said (page 269) : 'The order, in effect, was a mandate that the attorney defend a client whom he did not and does not desire to represent, who did not select him and with whom, as an attorney, he has no contract for services. We think it puts him in an embarrassing situation.' . . .

"The Order of the lower Court, in effect, forced upon White & Williams and/or Hopkins the duty and burden of defending this case (a) for persons who did not employ them or him, viz., the two Swedloffs and (b) even though White & Williams and/or Hopkins might never be paid for their services, since they had never been employed by either Swedloff and their employment in this case by and at the direction of the American Surety Company had been terminated by that Company. Under these facts and circumstances we conclude (1) that an attorney has a lawful right to represent in his sole discretion (a) only a client of his choice and (b) only if he is satisfied with the compensation arrangement for his services, and that right

is entitled to be protected by the Courts, and (2) that no harm can result to any of the parties if an Order is entered making the rule absolute, without prejudice to any rights any party may have against the American Surety Company."

Although it is not entirely clear, apparently appellee seeks to distinguish *Swedloff* on the ground that here the duty to provide coverage and the duty to provide a defense are not necessarily congruent. It urges that even if the carrier has no duty to provide coverage, it nonetheless has a duty to provide a defense. What it ignores, however, is that *Swedloff* makes no distinction between the two duties. In fact, the duty to defend, while it may at times be broader than the duty of coverage, is certainly encompassed within it. Thus we could state at page 386 in *Swedloff*, quoting from *Cohen Appeal*, supra: "We should not confuse the right of counsel to withdraw, with the obligation of his client, the insurance company, to *defend* his other client, the defendant." (Emphasis ours)

Appellee also urges that here, unlike Swedloff, the insured will be prejudiced by an order permitting withdrawal. We cannot agree. Here, as in *Swedloff*, the question of coverage is in no way decided by the instant decision, nor is the question of defense. We emphasize that we are not determining that the carrier has not breached its duty to defend the insured and is not liable in damages therefor, but merely that Attorney Lovitz need not be compelled to represent the insured. The factors which appellee asserts have prejudiced it—i.e., Lovitz' allegedly inadequate defense— will hardly be cured by an order compelling Lovitz to continue as counsel. Permitting Lovitz to withdraw will not prejudice appellee at all in the future.

The order of the court below is reversed.