## Van Brakle v. Tau Kappa Epsilon Fraternity

*Robert E. Campbell,* for plaintiffs.
*Donald G. Oyler,* for defendants.

MacPHAIL, P. J., February 23, 1972.—In this action in trespass, Donald M. Swope, Esq., of Swope & Frazee, at the direction of an insurance carrier, entered his appearance on behalf of defendant. Preliminary objections to the complaint were filed by another law firm on behalf of the same defendant. The insurance carrier has now instructed Mr. Swope to withdraw his appearance on behalf of defendant. He has filed a petition to withdraw and a rule was issued upon defendant to show cause why he should not be permitted to withdraw. An answer was filed to the

petition and the matter has now been heard on oral argument.

The issue presented to the court is whether counsel retained by an insurance carrier to protect its client's interest in litigation may subsequently withdraw from that litigation if instructed to do so by the carrier. The answer is clearly in the affirmative.

Defendant contends that if the petition is granted, it will be prejudiced because the insurance carrier, under the terms of its policy, is bound to provide a defense for its insured. This argument is to no avail. A similar set of circumstances was presented to the Supreme Court of Pennsylvania in Swedloff v. Philadelphia Transportation Co., 409 Pa. 382 (1963), where that court noted that the matter of insurance coverage is not even an issue in a petition to withdraw by counsel. It was there held that permitting counsel's withdrawal at the direction of the insurance carrier in no way prejudices the insured with regard to the question of coverage. In Brown v. Pennsylvania Railroad, 435 Pa. 84 (1969), it was held that the duty to defend is encompassed in the duty of coverage and the same rule with respect to counsel's right to withdraw was upheld.

As was said in Brown v. Pennsylvania Railroad, supra, at page 89: "We emphasize that we are not determining that the carrier has not breached its duty to defend the insured and is not liable in damages therefore, but merely that [the attorney] need not be compelled to represent the insured."

## ORDER OF COURT

And now, February 23, 1972, it is ordered that the petition of Donald M. Swope, Esq., of Swope & Frazee, to withdraw as counsel for defendant be and it is hereby granted, without prejudice, however, to the rights and liabilities of any of the parties inter se.