## Mares v. Koelle

*Robert W. Maher,* for plaintiff.
*Daniel J. Sherry,* for defendant.

BLOOM, *J.*, December 1, 1981—The matter now before this court is a petition to withdraw as counsel. Said petition was filed by the attorney for defendant. The matter involves a motor vehicle accident in which plaintiff, a pedestrian, was injured.

The accident took place on May 30, 1979 and a complaint was filed on or about January 16, 1981. Defense counsel, at the request of Colonial Penn Insurance, filed his appearance for defendant. Further defense counsel filed an answer with new matter and took discovery of plaintiff, and plaintiff filed answers to defendant's interrogatories. In August of 1981, defense counsel filed the petition to be allowed to withdraw, alleging that defendant was not covered by the insurance policy and, therefore, Colonial Penn requested that he withdraw his appearance.

The issue, therefore, before this court is, should an attorney be permitted to withdraw where the insurance company has determined that defendant was not insured?

Petitioner cites Brown v. Pennsylvania Railroad, 435 Pa. 84, 255 A. 2d 554 (1969), and Swedloff v. Philadelphia Transportation Co., 409 Pa. 382, 187 A. 2d 152 (1963), as controlling. A close reading of Brown supra indicates that a defense counsel should be allowed to withdraw his appearance if two criteria are met.

1. One, the attorney has a right to represent those he wishes to, and

2. That no harm can result to any of the parties.

It is clear from the record that defense counsel does not wish to defend defendant. This of course, is within his sole discretion. However, we must look to see if any of the parties would be prejudiced. It is clear that plaintiff will be prejudiced, in that at the very least the trial will be delayed. Defendant has already filed an answer and filed interrogatories on plaintiff, which have been answered. To tell plaintiff to start all over again would undoubtedly delay the proceedings. Further the statute of limitations has now run and plaintiff is barred from joining

additional defendants that might be liable.

Further, the case of Kelly v. Kass, 154 Pa. Superior Ct. 267, 35 A. 2d 531 (1944), has held that where an insurance company has undertaken a defense, and later determines that defendant is not covered by insurance, it must act quickly to protect itself, and continued participation in the defense, would act as a waiver of its right to subsequently raise the issue of coverage. Kelly, supra, does not define exactly what acting quickly means. However, in this day and age of computers, it is incomprehensible to believe that an insurance company would not know prior to seven months time that an individual was not covered by the company. Here, the insurance company filed an answer, filed interrogatories and received an answer, then came forward and contended seven months later that they had made a mistake and that defendant was not covered by their insurance. We do not find these actions as having acted quickly.

Still, further, we see nothing here from defendant. He surely will be prejudiced if the defense counsel is allowed to withdraw. He will be forced to find substitute counsel and will have the lawsuit hanging over his head for a much longer time.

For the above reasons, we find that the defense counsel has not acted promptly and that both plaintiff and defendant will be prejudiced by allowing a withdrawal.

Therefore, we enter the following

### ORDER

And now, December 1, 1981, after reviewing briefs by respective counsel, it is hereby ordered and decreed that the petition to withdraw is denied and the parties are to proceed to trial.