## STATE FARM FIRE AND CASUALTY CO.

v.

### David GRIFFIN, Ronald Griffin, Gloria Griffin, et al.

### Civ. A. No. 94–CV–3618.

United States District Court, E.D. Pennsylvania.

Aug. 3, 1995.

---

**475**

Lisa G. Miller, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for plaintiff.

Steven Laynas, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Steven Laynas, Counsel for Defendants David Griffin, Ronald Griffin and Gloria Griffin (Griffin Defendants) has moved this Court for leave to withdraw his appearance on behalf of the Griffin Defendants. This case is a declaratory judgment action by State Farm Fire and Casualty Company. It seeks a ruling that a policy it issued to the Griffin Defendants does not cover damages arising out of an incident that is the subject of a suit in state court in which David Griffin, a minor, is a defendant. Ronald and Gloria Griffin are David's parents.

According to Mr. Laynas's Motion, the Griffin Defendants have told him that they are no longer interested in defending this matter and that they will no longer pay his fees for services rendered. Mr. Laynas further represents that he has informed the Griffin Defendants that he cannot continue representing them if they will not pay his fees, and that he intended to file a motion to withdraw his appearance in this matter.

In support of his Motion, Mr. Laynas argues that in Pennsylvania, a court has discretion to permit withdrawal. *C.E. Williams Co. v. Henry B. Pancoast Co.*, 412 Pa. 166, 194 A.2d 189 (1963). He asserts that his request is timely and that no litigant will be prejudiced by his withdrawal. Moreover, he has an interest in only representing clients he wants to represent and in terminating an attorney-client relationship when he wants. *Brown v. Pennsylvania R.R. Co.*, 435 Pa. 84, 255 A.2d 554 (1969). Accordingly, he argues, we should grant his Motion.

In contrast, Plaintiff asserts that the Griffin Defendants do intend to further defend this action, but apparently have simply decided not to pay Mr. Laynas for his services. Plaintiff argues that this Court should not grant the Motion for several reasons. First, no substitute counsel is ready to replace Mr. Laynas. Local R. of Civ.P. 18(c). Second, many dates established in the March 29, 1995 Scheduling Order are imminent or have passed, and withdrawal of counsel will only impede compliance with the Scheduling Order, which prejudices Plaintiff.

Plaintiff cites several cases to support its argument that this Court should not permit Mr. Laynas to withdraw. We find that the cases it cites are not persuasive in this situation. First, Plaintiff cites *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986), where the Third Circuit did not let a law firm withdraw from representing defendant, even after the law firm had been discharged. This ruling was based on the fact that a near million dollar verdict had been entered against defendant, which was a Turkish company with almost no English-speaking employees. The Court ruled that if the law firm withdrew, there would be no possibility for effective communication with the defendant. *Id.* at 679. In *Brand v. NCC Corp.*, 540 F.Supp. 562 (E.D.Pa.1982), our Court denied a motion to withdraw because the corporate defendant had attempted to have its counsel represent it only for settlement negotiations, but not for litigation. Our Court ruled that defendant "cannot have it both ways," and denied the motion. *Id.* at 565. Finally, in *Haines v. Liggett Group, Inc.*, 814 F.Supp. 414 (D.N.J.1993), the client opposed the attorney's motion to withdraw which was based solely on the ground that the case, a contingent fee action against a tobacco company, had become too expensive for the law firm. The Court denied the motion on the ground that the law firm had undertaken an obligation to see its client's case through to completion. *Id.* at 424.

None of the elements in the above cases appear in this case. Here, the clients apparently have discharged Mr. Laynas and do not oppose this Motion.[1] Further, there does not appear to be any conduct similar to that in *Brand*. Although Mr. Laynas's motive for withdrawal is financial, like *Haines*, it is different in that here the client has ceased payment, not that the costs of litigation are too much. Finally, this Court sees no reason why communication with the Griffin Defendants will be impossible without Mr. Laynas as an intermediary. Moreover, we do not see any undue prejudice to Plaintiff if we grant Mr. Laynas's Motion. Plaintiff does not provide this Court with any evidence that it would be harmed by staying this matter to allow the Griffin Defendants to find new counsel or prepare for acting *pro se.*

For all these reasons, we will grant Mr. Laynas's Motion to withdraw as counsel for the Griffin Defendants. In addition, we will stay all the dates in the Scheduling Order for forty-five days. Further, we take the opportunity to rule on Plaintiff's Motion to Compel, and order responses to Plaintiff's discovery within thirty days.[2] These extensions should suffice to give the Griffin Defendants time to retain new counsel or to prepare their answers to Plaintiff's discovery on their own. The extensions should also serve to alleviate Plaintiff's concerns that it must meet the dates in the Scheduling Order without the benefit of discovery from the Griffin Defendants; this, in turn, will obviate any prejudice to Plaintiff from Mr. Laynas's withdrawal.

---

1. The certificate of service on Mr. Laynas's Motion indicates that he served the Griffin Defendants with a copy of his Motion. This Court has not been contacted in any way by those Defendants.

2. We grant this Motion under both Local R.Civ.P. 20(c) and 24(g).