NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2596
_____

TREADWAYS LLC,
Appellant

v.

THE TRAVELERS INDEMNITY COMPANY;
THE CHARTER OAK FIRE INSURANCE COMPANY;
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-04751)
District Judge:  Honorable Thomas J. Rueter
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2012
_____

Before:  McKEE, Chief Judge, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 12, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

This appeal arises from an automobile accident involving an employee of

Appellant Treadways, LLC.  At the time of the accident, Treadways was covered by

insurance policies issued by Travelers Property Casualty Company of America and The Travelers Indemnity Company (collectively, "Travelers").[1]  Based on these policies, Travelers denied coverage.  Treadways filed an action against Travelers, asserting coverage based on Travelers' bad faith, and by waiver and estoppel based on Travelers' breach of its duty to indemnify (the "estoppel claim").  The District Court dismissed the bad faith claim on Travelers' motion for summary judgment.  As to the estoppel claim, a jury returned a verdict in favor of Travelers.  Treadways appeals the grant of summary judgment and certain of the Court's rulings during the trial regarding the estoppel claim. It requests that we reverse the grant of summary judgment and vacate the Court's entry of judgment for Travelers on the jury verdict.  Instead, we affirm.[2]

## I.  Background

Claims Under the Insurance Policies Relating To The Accident

Because we write solely for the parties, we recite only the facts necessary to our decision.  Travelers issued two insurance policies to Treadways, a commercial automobile insurance policy (the "Auto Policy"), and a worker's compensation and employer's liability insurance policy (the "WC/EL Policy").  During the term of these policies, one of Treadways' employees, Todd Gonsar, was struck by an uninsured motorist while he was unloading tires from a rented delivery truck in the course and

---

[1] Charter Oak Fire Insurance Company also issued insurance policies to Treadways.  It is undisputed that it did not issue an insurance policy covering the automobile accident. The District Court entered summary judgment in favor of Charter Oak and dismissed it from the action.  This dismissal is not at issue on appeal.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.

scope of his employment. Treadways reported the accident to Travelers. Travelers paid Gonsar workers' compensation benefits under the WC/EL Policy.

Gonsar filed a writ of summons against Treadways in the Court of Common Pleas of Philadelphia County (the "Gonsar Suit"). Treadways notified Travelers of the Gonsar Suit, whereupon Travelers established a claim under the Auto Policy and retained counsel to defend Treadways in the suit. On receiving Gonsar's complaint, Travelers advised Treadways that it believed the Auto Policy might not cover the claims asserted. Travelers nonetheless continued to retain counsel to defend Treadways.

Near the close of discovery, Travelers sent a letter to Treadways denying coverage of the Gonsar Suit under the Auto Policy and withdrawing its defense of Treadways in that action. Travelers stated that the Auto Policy did not cover the accident because the policy only covered automobiles owned by Treadways and Gonsar was driving a rented truck on the date of the accident.

The Gonsar Suit ended approximately six months later with a judgment against Treadways. Based on this judgment, Treadways submitted a claim to Travelers under the WC/EL Policy. Travelers sent a letter to Treadways denying coverage on the basis that the WC/EL Policy did not cover the claims asserted in the Gonsar Suit.

District Court Action

Over a year later, Treadways filed its action against Travelers. Following the close of discovery, both parties moved for summary judgment. They agreed that neither policy covered the claims asserted in the Gonsar Suit. Noting that Pennsylvania's applicable standard for bad faith required, as a prerequisite, the existence of coverage

3

under a policy, the District Court granted Travelers summary judgment as to the bad faith claim.

The Court, however, allowed the estoppel claim to proceed to trial. Four of its rulings prior to or during the trial are at issue on appeal. The first two rulings regard testimony and evidence. First, the Court granted Travelers' motion *in limine* to preclude the testimony of its corporate designee and other evidence regarding Travelers' alleged violations of its internal claims handling procedures. Importantly, Treadways admitted that it did not have access to these procedures. The Court held that the testimony and evidence were irrelevant and prejudicial under Fed. R. Evid. 402 and 403. Second, the Court prohibited the introduction of Travelers' letter denying coverage under the WC/EL Policy as irrelevant based on its holding, among other reasons, that Treadways could not support its estoppel claim with evidence of conduct that occurred after entry of the verdict in the Gonsar Suit.

The remaining two rulings regard Treadways' proposed jury instructions. It sought the following instruction regarding a presumption of prejudice: "In Pennsylvania, when the insurer undertakes the defense of an insured and requires the insured to relinquish management of the litigation to the insurer, the insurer may not later disclaim coverage after a verdict of judgment." Appendix ("App.") at 836. The District Court denied the instruction based on its ruling that relevant case law provided that prejudice must be shown in the circumstances of the case.

Treadways also requested that the jury be instructed with regard to 31 Pa. Code § 146.7: "The Pennsylvania Code provides for Unfair Claims Settlement Practices and

4

states, 'An insurer may not deny a claim on the ground of a specific policy provision, condition or exclusion unless reference to the provision, condition or exclusion is included in the denial.'" App. at 837. The Court declined to give this instruction because this provision was irrelevant to the estoppel claim.

## II. DISCUSSION

Dismissal of Bad Faith Claim

We review a district court's grant of summary judgment *de novo*. *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The District Court dismissed Treadways' bad faith claim based on its holding that Pennsylvania's standard for bad faith in the insurance context requires, as a prerequisite, the existence of coverage under a policy. Treadways argues that this holding ignores that a bad faith claim may be premised on bad faith in actions other than denial of coverage and that the existence of coverage is not a predicate of a bad faith claim. We disagree.

"Bad faith" under Pennsylvania's bad faith statute—42 Pa. Cons. Stat. § 8371, which provides a remedy in an action under an insurance policy—is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). A valid cause of action for bad faith requires "clear and convincing evidence . . . that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its

5

lack of a reasonable basis in denying the claim." *Id.* Under the "clear and convincing" standard, "the plaintiff [must] show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" *Id.* (quoting *Bostick v. ITT Hartford Grp., Inc.*, 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999)). Though we have held that bad faith may be found in circumstances other than an insured's refusal to pay, "[a] reasonable basis is all that is required to defeat a claim of bad faith." *Id. See also Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

Treadways does not argue that Travelers wrongly denied coverage under the policies. Indeed, it admits that the policies precluded coverage. This alone was sufficient for the District Court to dismiss the bad faith claim. Because the claims asserted in the Gonsar Suit were not covered by the policies, Travelers had good cause to deny coverage and cease defending the litigation.[3]

Evidentiary Rulings

We generally review a district court's evidentiary rulings for abuse of discretion, but apply a plenary review to determinations based on the interpretation of federal rules. *United States v. Green*, 556 F.3d 151, 155 (3d Cir. 2009).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

---

[3] The District Court also held that Treadways failed to present evidence that Travelers acted intentionally or recklessly in denying coverage under the policies. Because we hold that Treadways cannot establish the first element of bad faith, we do not reach arguments regarding the second element of such a claim or Treadways' ability to present evidence showing that there is a genuine issue of material fact regarding it.

6

determining the action." Fed. R. Evid. 401. As such, "evidence is irrelevant only when it has *no* tendency to prove the fact." *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994) (quoting *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)) (emphasis in original). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence may be excluded as prejudicial "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

To recap, two evidentiary rulings are at issue. First, the District Court excluded as irrelevant and prejudicial testimony of Travelers' corporate designee and other evidence regarding Travelers' alleged violations of its internal claims handling procedures. To establish an estoppel claim, Treadways had to prove an inducement to believe certain facts, justifiable reliance, and actual prejudice. *See Guardian Life Ins. Co. v. Zerance*, 479 A.2d 949, 954 (Pa. 1984). Estoppel thus focuses on an insurer's knowledge and conduct and the insured's reliance on that conduct. Because Treadways did not have access to Travelers' claims handling procedures, testimony and other evidence regarding these procedures were irrelevant to the estoppel claim. The District Court properly excluded it.

Second, the District Court prohibited the introduction of Travelers' letter denying coverage under the WC/EL Policy. Treadways tendered its claim, and Travelers denied coverage, under this policy after entry of the verdict in the Gonsar Suit. More than six months prior to entry of the verdict, Travelers informed Treadways that the claims asserted in suit were not covered by the Auto Policy, the policy under which it was

7

defending Treadways, and, at that time, ceased its defense of Treadways. It could not have relied on or been prejudiced by Travelers' conduct in denying coverage under the WC/EL Policy. The letter was irrelevant, and the Court properly excluded it.

Jury Instructions

We review a district court's refusal to give a requested jury instruction for abuse of discretion. *United States v. Weatherly*, 525 F.3d 265, 269-70 (3d Cir. 2008). "A court errs in refusing a requested instruction only if the omitted instruction is correct, is not substantially covered by other instructions, and is so important that its omission prejudiced the defendant." *United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999).

First, Treadways argues that the Court improperly denied its requested instruction regarding a presumption of prejudice if an insurer undertakes the defense of an insured and later disclaims coverage after the rendering of a verdict. Prejudice may be presumed in an estoppel context if an insurer defends an insured to verdict, without reservation of rights, and then denies coverage after entry of the verdict based on the policy's inapplicability to a particular loss. *See Goulding v. Sands*, 355 F.2d 230, 232-33 (3d Cir. 1966). In contrast, if the insurer withdraws from defending the insured prior to the verdict, prejudice is not presumed. *See W. O. Hickok Mfg. Co. v. Unigard Mut. Ins. Co.*, 15 Pa. D. & C.3d 593, 595 (Pa. 1979).

Travelers denied coverage and withdrew its defense of Treadways in the Gonsar Suit approximately six months prior to entry of the verdict. Treadways thus was required to demonstrate prejudice. The District Court properly denied the proposed instruction presuming prejudice to Treadways.

8

Second, Treadways argues that the Court improperly declined to give an instruction with regard to 31 Pa. Code § 146.7. This provision relates to Unfair Claims and Settlement Practices, which is part of Pennsylvania's Unfair Insurance Practices Act. Whether Travelers' conduct violated this provision is unrelated to the estoppel claim. In addition, an instruction regarding this provision could have influenced the jury's verdict based on an irrelevant matter. The Court properly denied the proposed instruction.

\* \* \* \* \*

For these reasons, we affirm.