J-S16009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF MARGARET BORTZ, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MATTHEW D. MENGES, ESQUIRE | |
| | No. 1428 MDA 2014 |

Appeal from the Order July 29, 2014
In the Court of Common Pleas of Lancaster County
Orphans' Court at No(s): 36-06-1861

BEFORE: PANELLA, J., OLSON J., and OTT, J.

MEMORANDUM BY PANELLA, J. **FILED MAY 27, 2015**

Appellant Matthew D. Menges, Esquire, appeals from the order entered by the Court of Common Pleas of Lancaster County, Orphans' Court, denying his motion to withdraw as counsel for Joanna Fasig, daughter of Decedent Margaret Bortz. We reverse and remand.

The relevant facts are as follows. After Richard A. Bortz, Sr. was appointed Administrator of Decedent's estate, Fasig retained Menges in order to obtain an accounting from Bortz. In the written fee agreement between Menges and Fasig, Menges reserved the right "to terminate the relationship if you insist upon pursuing or … engage in a course of conduct that we consider repugnant or imprudent or with which we have a fundamental disagreement." Appellant's Brief at 11.

After the accounting was obtained, Menges filed objections on behalf of Fasig. Bortz died before the objections were heard, and Fasig was then appointed Administratrix D.B.N. of her mother's estate. After Fasig's sister, Susan Bortz Mays ("Mays"), appealed Fasig's appointment, the trial court appointed Dana Panagopoulos, Esq., an independent, third-party, to serve as Administratrix Pro Tem and ordered Fasig to file an accounting from her tenure as Administratrix. After Fasig filed her accounting, Mays and Panagopoulos filed objections thereto. The objections included an objection to the fees paid to Attorney Menges as counsel to the estate. Bridget M. Whitley, Esq., who had represented Richard Bortz, Sr., also represented Mays. Whitley filed, on her own behalf, a motion to dismiss the objections filed by Fasig based on the failure to join an indispensable party, specifically Richard Bortz's estate. The trial court denied Whitley's motion, and ordered that all proceedings in the estate be held in abeyance until an Administrator is appointed for Bortz, Sr.'s estate.

After the court stayed the proceedings, Fasig wrote directly to Judge Jay J. Hoberg asking for "re-consideration" of the trial court's stay order. As a result of that ex parte communication, Menges filed a motion to withdraw from representing Fasig, stating that (1) he had directed her several times not to have *ex parte* communications with the judge; (2) her letter, which was subsequently sent by the court to all counsel, divulged attorney-client conversations as well as contents of Fasig's testimony which had, up to that

point, been undisclosed; and (3) Fasig's actions, with which he fundamentally disagreed, provided a reason explicitly contained within their written fee agreement for him to withdraw from representation. The trial court denied the motion, and Menges timely appealed to this Court. The trial court submitted an "Opinion Sur Appeal."[1]

Menges raises the following issues for our review:

a. Is the lower court's order appealable as a collateral order under Pa.R.A.P. 313(a)?

b. Should Appellant be allowed to withdraw as counsel for a party who has disregarded his advice and engaged in ex parte communication directly with the lower court?

Menges first argues that the order denying his motion to withdraw is a collateral order as defined in Pa.R.A.P. 313(b) and is, thus, properly before this Court. We agree.

Generally, an appellate court's jurisdiction extends only to review of final orders. *See* Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from

_____

[1] After Menges filed his notice of appeal, the trial court entered an order directing Menges to file a Pa.R.A.P. 1925(b) statement. Menges did not do so. Generally, failure to timely comply with a trial court's order requiring the filing of a 1925(b) statement results in the waiver of all issues on appeal. Pa.R.A.P.1925(b)(4); *see also* **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011). However, it is well-settled that the court clerk's office has a mandatory duty to furnish copies of the Rule 1925(b) order to each party or to his or her attorney. **Commonwealth v. Hess**, 810 A.2d 1249, 1252 (Pa. 2002); Pa.R.C.P. 236(b). No waiver will be found when a clerk of courts fails to uphold that duty. **Hess**, **supra** at 1255. Here, the trial court's docket contains no entry indicating that the court clerk provided notice of the trial court's Rule 1925(b) order. We thus decline to find waiver. Based on the trial court's Opinion Sur Appeal, we will address the merits.

any final order."). Final orders are those which either (1) dispose of all claims and all parties, (2) are explicitly defined as final orders by statute, or (3) are certified as final orders by the trial court or other reviewing body. ***Rae v. Pennsylvania Funeral Directors Ass'n***, 977 A.2d 1121, 1124-25 (Pa. 2009), citing Rule 341. The collateral order doctrine, however, permits appeal from a narrow class of orders which address claims of rights "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause of action itself to require that appellate consideration be deferred until the whole case is adjudicated." ***Id***. at 1125, quoting ***Cohen v. Beneficial Loan Co.***, 337 U.S. 541, 546 (1949).

In 1992, the collateral order doctrine was codified in Pa.R.A.P. 313 which provides:

> **(a)** General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b)** Definition. A collateral order is an order [1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313 . *See **Rae,** supra* at 1124-25 (Pa. 2009) (noting that all three factors of Rule 313(b) must be met in order to conclude the order at issue is a collateral order).

Prior to the codification of the collateral order doctrine, our Supreme Court held that the denial of an attorney's motion to withdraw is immediately appealable, concluding

> Even though the often-used rationale for appealability that appellant has been put 'out-of-court' is particularly inapt in the instant situation where appellant has actually been forced into court, it is apparent that as to him, the order is an absolute denial of the relief sought, and could never be raised at any other time if it were not appealable now.

**Brown v. Pennsylvania R.R.**, 255 A.2d 554, 555 n.1 (Pa. 1969). *Compare* **Gerold v. Vehling**, 89 A.3d 767 (Pa. Cmwlth. 2014) (holding that an order granting an attorney's right to withdraw is an appealable collateral order).

Here, all three factors of Rule 313(b) are present in the trial court's order denying Menges's motion to withdraw his representation. The order is separate from and collateral to the substantive issues in the underlying cause of action, and implicates a right that is too important to be denied review. Although one of the objections filed in the underlying action challenges the fees paid to Menges as an attorney for the estate, a review of the denial of Menges's withdrawal motion does not require this Court to consider the merits of that objection or any other aspect of the underlying action. With respect to the third prong, we agree with Menges that once a final judgment is reached in the underlying action, his right to appeal the order denying his withdrawal will become moot. We, thus, conclude that the denial of Menges's motion to withdraw as counsel for Fasig is an appealable collateral order pursuant to Pa.R.A.P. 313; **Brown**, *supra*.

Regarding the merits of the appeal, Menges avers that based on the Pennsylvania Rules of Professional Conduct, the written fee agreement he had with Fasig, and the nature of their relationship being "mutually voluntary," the trial court should have granted his motion to withdraw. Appellant's Brief at 13. Menges notes that in agreeing to represent Fasig, he "reserved the right 'to terminate the relationship if you insist upon pursuing or engage in a course of conduct that we consider repugnant or imprudent or with which we have a fundamental disagreement.'" Appellant's Brief at 11. Menges avers that Fasig will not be "materially adversely" effected by his withdrawal and, pursuant to the Rules of Professional Conduct, he "may withdraw without any further justification." *Id*. at 13.

The Pennsylvania Rules of Professional Conduct provide that "a lawyer may withdraw from representing a client if ... withdrawal can be accomplished without material adverse effect on the interests of the client … or … other good cause for withdrawal exists." Rule 1.16(b)(1) and (7). The matter of attorney withdrawal is "traditionally within the discretion of the trial court." *Commonwealth v. Scheps*, 523 A.2d 363, 368 (Pa. Super. 1987). However,

> [t]here are no prophylactic rules which exist when determining whether a denial or withdrawal amounts to an abuse of discretion. Each case must be decided by balancing the competing interest giving due regard to the facts presented. As in the case of the denial for a petition for a continuance to obtain new counsel, there are no mechanical tests for deciding when a denial of a petition to withdraw as counsel is so arbitrary so as to be an abuse of discretion. The answer must be found in the

circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Id*. (citations omitted).

Here, the trial court was informed by Menges that, essentially, there had been a breakdown in the attorney-client relationship such that he would not be able to represent Fasig any longer. In denying Menges's motion to withdraw, the trial court stated:

> To allow Attorney Menges to withdraw from this matter would have a material adverse effect on the interest of the client and upon the administration of this Estate which has been open for eight (8) years. … The only hope of resolution for this protracted and adversarial case is if all counsel, who are well versed in the facts and nuances of this matter remain in place and either work towards a settlement or get it appropriately postured before the Court for a hearing. To allow Attorney Menges to walk away would be a grave injustice to Ms. Fasig. Furthermore, with the objections filed challenging Attorney Menges' fees, he continues to be an integral part of this litigation.

Trial Court Opinion Sur Appeal at 5-6.

We do not agree with the trial court that Menges's withdrawal will have a **material** adverse effect or be "a grave injustice" to Fasig. *Id*. With the case in its current state of suspension, Fasig has time to find another attorney. Our cursory review of the record in the underlying litigation indicates that although the litigation might be "adversarial and protracted," the issues are not complex. Any new attorney will be able to familiarize him or herself quickly with "the facts and nuances" of the case to "either work towards a settlement or get it appropriately postured before the Court for a hearing." *Id*. Under the circumstances present in this case, and particularly

with respect to Menges's "fundamental disagreement" with his client's actions, and the existence of the written fee agreement and the Rules of Professional Conduct, we conclude that the trial court abused its discretion in denying the motion to withdraw. We, thus, direct the trial court to enter an order granting Menges's motion to withdraw.

Order reversed. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015